THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, individually; and HARRISON FOLLETT, individually, <br><br> Plaintiffs, <br><br> v. <br><br> DAVA MARKETING, LLC, a Utah Limited Liability Company, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-632 DBB DBP <br><br> District Judge David B. Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court are two motions frilled by Plaintiffs Austin Cook and Harrison Follett.

Plaintiffs move the court for a partial lift of the stay agreed to by the parties and request the

equitable tolling of statue of limitations remain in place.[1] Second, Plaintiffs seek leave to amend

their Complaint. The court will deny the motions and allow the stay to remain in place.

This is a Collective Action filed by Plaintiffs alleging violations of the Fair Labor and

Standards Act for failing to pay them proper amounts. On December 12, 2023, near the outset of

the case, the parties sought a stay until May 30, 2024, to facilitate settlement negotiations. The

court granted the requested stay.[2] The order granting the stay provides:

> All proceedings in this case shall be stayed, effective December 4, 2023, until
> May 30, 2024 (the "Stay Period"). During the Stay Period, all deadlines and
> statute of limitations on any potential claims shall be tolled for the Parties and
> potential Collective Members.[3]

---

[1] ECF No. 28.

[2] ECF No. 16.

[3] Order Granting Stipulated Motion to Stay Proceedings p. 1, ECF No. 16.

Plaintiffs claim the purpose of the stay—to facilitate settlement negotiations—has been undermined by Defendant's actions. Defendant has not provided needed information to engage in meaningful settlement negotiations and Defendant made an early Rule 68 Offer of Judgment attempting to "pick off the plaintiff."[4] Thus, there is no need for the stay to remain in place.

Plaintiffs offer no authority for their request other than the factual circumstances of the case. The court finds no reason to lift the stay at this time. Indeed, given the court's decision on Plaintiffs' Motion to Hold in Abeyance Rule 68 Offer, the parties may now be enabled to engage in settlement negotiations with more certainty. There is no harm to either party in allowing their agreement to remain in place. Moreover, as agreed to by the parties, the statute of limitations is already tolled during the stay period. The court therefore need not enter an order tolling the statute of limitations as requested by Plaintiffs, because the parties have already agreed to such tolling.

Finally, the court denies without prejudice Plaintiffs' Motion to Amend. Once the stay is lifted and settlement negotiations have concluded, Plaintiffs may file their motion if needed.

Accordingly, Plaintiff's Motion for Partial Lift of Stay of Proceedings is DENIED. Plaintiffs' Motion to Amend is DENIED WITHOUT PREJUDICE. The parties are encouraged to engage in meaningful settlement negotiations.

IT IS SO ORDERED.

DATED this 19 April 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] ECF No. 19 p. 1.