THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, individually; and HARRISON FOLLETT, individually,<br><br>       Plaintiffs,<br>v.<br><br>DAVA MARKETING, LLC, a Utah Limited Liability Company,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-632 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs Austin Cook and Harrison Follett move the court for an order to hold in abeyance Defendant's Federal Rule 68 Offer of Judgment until adequate discovery can take place to determine whether the offer is "just."[1] The court will deny the motion.

Plaintiffs filed a "Collective Action Complaint" claiming Defendant DAVA Marketing LLC failed to comply with federal and state wage laws in not paying for all hours and time worked, including overtime. On December 12, 2023, near the outset of the case, the parties sought a stay until May 30, 2024, to facilitate settlement negotiations. The court granted the requested stay.[2] Defendant served a Rule 68 Offer of Judgment on Plaintiffs on approximately February 2, 2024. The respective offers to Plaintiffs are attached to Plaintiffs' motion.[3] The offers were not accepted by either Plaintiff within 14 days of service. Plaintiffs subsequently filed the instant motion seeking to hold the offers in abeyance pending initial discovery.[4]

---

[1] ECF No. 18. This matter is referred to the undersigned to hear and determine all nondispositive pretrial matters. ECF No. 15.

[2] ECF No. 16.

[3] ECF No. 18-6, ECF No. 18-8.

[4] ECF No. 18.

Plaintiffs aver that without some discovery and a chance to determine the adequacy of the Rule 68 Offer of Judgment, it is impossible for them to "determine whether the offer affords 'complete relief'".[5]

> Rule 68 provides:
>
> a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.[6]

"Under Rule 68, an offer of judgment is considered withdrawn if it is not accepted within fourteen days."[7] Significantly, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."[8] This can put pressure on a litigant to reassess their litigation strategy and make some difficult decisions.[9]

This pressure is presumably part of the reason Plaintiffs request an abeyance of the offer until they can better evaluate the case. The problem, however, is Plaintiffs offer no authority in support of their request. Plaintiffs cite to *Lucero v. Bureau of Collection Recovery Inc.*,[10] arguing the Tenth Circuit "does not approve the very tactic DAVA is attempting here." In *Lucero* the Tenth Circuit decided "whether a class-action complaint must be dismissed for mootness upon

---

[5] Reply p. 6, ECF No. 27.

[6] Fed. R. Civ. P. 68(a).

[7] *Mglej v. Garfield Cnty.*, No. 2:13-CV-713 CW-DBP, 2016 WL 6078315, at *1 (D. Utah Oct. 17, 2016).

[8] Fed. R. Civ. P. 68(d).

[9] *See Davis v. Post Univ., Inc.*, 497 F. Supp. 3d 1252, 1265, (S.D. Fla. 2019) (noting the pressure a Rule 68 offer put on the plaintiff to reassess their litigation strategy); *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765, 311 U.S. App. D.C. 26, 31, (D.C. Cir. 1995) (stating that Rule 68 is "designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer").

[10] 639 F.3d 1239 (10th Cir. 2011).

the tender of a Fed.R.Civ.P. 68 offer of judgment for the full amount of the individual Plaintiff's monetary claim in the absence of undue delay in filing a motion for class certification."[11] The Tenth Circuit held a "named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."[12] *Lucero* is not applicable here as the Tenth Circuit explicitly stated we "need not and do not decide the impact of a Rule 68 offer of judgment made in a collective, or 'opt-in' action."[13] The *Lucero* court also did not prohibit a Rule 68 offer in an opt-in action, contrary to Plaintiffs' allegation.

Plaintiffs also cite to the Supreme Court's decision in *Genesis Healthcare Corporation et al. v. Symczyk*.[14] In *Symczyk* an employee brought a collective action under the Fair Labor Standards Act on behalf of herself and other similarly situated employees. After the plaintiff ignored an offer of judgment under Rule 68, the district court concluded the suit was moot and dismissed it for lack of jurisdiction finding no other individuals had joined the suit. On appeal the Third Circuit reversed, holding the individual claim was moot due to the Rule 68 offer, but finding the collective action was not moot, reasoning that allowing defendants to "pick off" named plaintiffs undermined the goals of collective actions. The Supreme Court disagreed, holding the collective action brought by a single employee on her behalf and other similarly situated employees was no longer justiciable when, as conceded by the plaintiff, an offer by the employer was made under Rule 68 in the amount sufficient to make her whole. In reaching this

---

[11] *Lucero*, 639 F.3d at 1240.

[12] *Id.* at 1250.

[13] *Id.*

[14] 569 U.S. 66, 133 S.Ct. 1523 (2013).

holding, the Supreme Court clearly distinguished cases involving Rule 23 class actions from FLSA actions.

Given this binding precedent, Plaintiffs' underlying concern appears to be that they will face the same fate—dismissal of their case—if the Rule 68 offer is not held in abeyance. While the court appreciates this concern two facts readily distinguish this case from *Symczyk*. First, the Supreme Court explicitly noted that the Rule 68 offer provided complete relief. The plaintiff conceded that fact and she asserted no continuing economic interest in shifting attorney's fees and costs. Here, there is no concession that the Rule 68 offer provides complete relief. Second, the Supreme Court plainly stated that it was not addressing whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot. So, an unaccepted offer here does not automatically render Plaintiffs' claims moot. While helpful, *Symczyk*, does not dictate an outcome here.

In similar fashion, based on the Supreme Court's discussion in *Symczk* distinguishing cases that involved Rule 68 offers and Rule 23 actions from collective actions under FLSA, the court declines to wholeheartedly adopt the authority cited by Defendants because those cases centered on offers of judgment in class actions.[15] Instead, the court looks to the principles set forth in the cases relied on by both parties and the purposes of Rule 68, in resolving the current dispute.

At the core is the purpose of Rule 68. "The plain purpose of Rule 68 is to encourage settlement and avoid litigation."[16] Granting Plaintiffs an abeyance until further discovery is

---

[15] *See, e.g., Leahy-fernandez v. Bayview Loan Servicing, LLC*, 2016 WL 1047159, at *2 (M.D. Fla. Mar. 16, 2016) (rejecting the argument that Rule 23 is exempted from Rule 68 based on the plain text of the Rules); *Turner v. Food Corp*., 2009 WL 10668616, at *5 (S.D. Fla. Feb. 3, 2009) (finding "no precedential case law disallowing Rule 68 offers simply because they were made in a class action case").

[16] *Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 3014 (1985).

conducted—and substantial litigation costs incurred by both parties—undermines this plain

purpose. The court finds no basis in the plain language of Rule 68 or its intent to allow an offer

to be tabled indefinitely until a determination may be made whether it is "just". There is also

nothing in Rule 68 mandating the timing of an offer other than at least "14 days before the date

set for trial."[17] An offer that is made anytime before that deadline is timely and proper. Thus,

Plaintiffs complaints about the timing of the offer being too early here are unpersuasive. Further,

although collective actions under FLSA are different than Rule 23 class actions, the court finds

no material difference that would prohibit a Rule 68 offer being made in this case. The court is

not persuaded that such "pick off" tactics as alleged by Plaintiffs, warrant an abeyance of the

Rule 68 offer. Finding no authority or persuasive reasoning for allowing such an abeyance, the

court denies Plaintiffs' motion.


DATED this 19 April 2024.


Dustin B. Pead
United States Magistrate Judge

---

[17] Fed. R. Civ. P. 68(a).