THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, individually; and HARRISON FOLLETT, individually,<br><br>Plaintiffs,<br>v.<br><br>DAVA MARKETING, LLC, a Utah Limited Liability Company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-632 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiffs' Motion for Partial Lift of Stay of Proceedings.[1] The court previously entered a stay to allow the parties to pursue settlement. Settlement negotiations proved unsuccessful and now Plaintiffs request the stay be lifted. The court grants the request in part as set forth herein.

BACKGROUND

This is a Collective Action filed by Plaintiffs alleging violations of the Fair Labor and Standards Act for failing to pay them proper amounts. On December 12, 2023, near the outset of the case, the parties sought a stay until May 30, 2024, to facilitate settlement negotiations. The court granted the requested stay.[2] The order granting the stay provides:

> All proceedings in this case shall be stayed, effective December 4, 2023, until May 30, 2024 (the "Stay Period"). During the Stay Period, all deadlines and statute of limitations on any potential claims shall be tolled for the Parties and potential Collective Members.[3]

---

[1] ECF No. 36.

[2] ECF No. 16.

[3] Order Granting Stipulated Motion to Stay Proceedings p. 1, ECF No. 16.

Shortly before the deadline to mediate the matter the parties exchanged communications seeking to extend the stay and toll the statue of limitations until the mediation could be completed. The parties were all agreeable to extending the stay, however, no formal stipulation was entered into by the parties. After considering additional information, in August 2024, Defendant emailed Plaintiffs noting that mediation would be unsuccessful given the parties' respective positions. Defendant also represented that the stay expired in May 2024 given the parties did not enter an additional stipulation. Plaintiffs then moved for a partial lift of the stay.

## DISCUSSION

In their motion Plaintiffs "request that the Court retain the tolling of all deadlines and statute of limitations on any potential claims … for the Parties and potential Collective Members for the period set forth in the Order – 30 May 2024 – but lift the stay as to all other proceedings."[4] Defendant responds that it "has no objection to lifting the stay to permit the Parties to litigate their claims and defenses."[5] But, any request to maintain a toll of the statute of limitations period should be denied.

In a previous order denying Plaintiffs' motion for partial lift of stay, the court reasoned that the stay should remain in place to allow the parties to pursue settlement. Additionally, the court noted that the statue of limitations was tolled during the stay period.[6] The parties pursued settlement but in August 2024 it was unsuccessful. Although the parties failed to enter an additional stipulation with the court extending the stay after May to allow for settlement discussions, the court finds the parties reached a general agreement via email to do so. Not informing the court and filing a stipulation regarding a continued stay is not ideal or a best

---

[4] ECF No. 36 at 1.

[5] ECF No. 43 at 2.

[6] ECF No. 30 at 2.

practice. However, given the circumstances here and the preference toward settlement, the court will not undermine the parties' efforts by not recognizing the intent to continue the stay. The court lifts the stay as of the date of this order.

What remains is a determination of whether the statute of limitations is tolled, and if so, what date that tolling expires. Defendant avers that Plaintiffs seek an uncertain date. In reply however, Plaintiffs respond that the "statue of limitations be tolled only to the date that Plaintiffs' Amended Complaint … is accepted and filed with the Court."[7] Given Plaintiffs' position, the court need not engage in an extensive analysis of the five-factor test used by this court in *Johnson v. Acad. Mortg. Co.*[8] when considering equitable tolling in a Fair Labor Standards Act case.[9] Yet, the court is not persuaded that the tolling date should be tied to the date that Plaintiffs' Amended Complaint is accepted as that presumes the court will grant Plaintiffs' motion. Instead, the court lifts the tolling of the statute of limitations as of the date this order, so it coincides with the lifting of the stay. The court will consider the Moton for leave to amend separately.

Accordingly, Plaintiffs' Motion for Partial Lift of Stay is GRANTED in PART. The stay is lifted, and the tolling of the statute of limitations tolling is lifted as of the date of this order.

IT IS SO ORDERED.

---

[7] ECF No. 49 at 3.

[8] 2012 WL 3886098 (D. Utah Sept. 6, 2012).

[9] *Johnson*, 2012 WL 3886098, at *2 ("The Court is persuaded to adopt the following five-factor test set out by the Sixth Circuit: '(1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights.'") (quoting *Archer v. Sullivan Cnty., Tenn.*, 1997 WL 720406, at *3 (6th Cir. Nov.14, 1997)).

DATED this 29 January 2025.

_____
Dustin B. Pead
United States Magistrate Judge