THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, individually; and HARRISON FOLLETT, individually, <br><br> Plaintiffs, <br><br> v. <br><br> DAVA MARKETING, LLC, a Utah Limited Liability Company, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-632 DBB DBP <br><br> District Judge David B. Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiffs' Motion for Leave to File First Amended Complaint.[1] Plaintiffs seek leave to add additional Plaintiffs, to name individual Defendants, and to assert a pendent claim for relief under Utah law and the Fair Labor Standards Act (FLSA). Having considered the motion, the parties' briefing, and case law, the court grants the motion in part.

## BACKGROUND

This is a Collective Action filed by Plaintiffs alleging violations of the Fair Labor and Standards Act for failing to pay them proper amounts. On January 29, 2025, the court lifted a stay that was in place to allow the parties to pursue settlement that ultimately proved unfruitful. Now that the stay is lifted, Plaintiffs seek to file an Amended Complaint.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend. It provides a "party may amend its pleading only with the opposing party's written consent or the court's

---

[1] ECF No. 35.

leave."[2] "The court should freely give leave when justice so requires."[3] When considering whether to allow an amendment to a complaint, courts consider several factors including undue prejudice to the defendant, undue or inexplicable delay, bad faith or dilatory motive, futility of amendment, and failure to cure deficiencies by amendments previously allowed.[4] "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[5]

Here Plaintiffs seek leave to amend to add additional Plaintiffs that allegedly have valid claims "in this FLSA collective action."[6] Plaintiffs also seek to add the principals of Defendant DAVA Marketing LLC, who Plaintiffs argue may be personally liable to the collective members. Finally, Plaintiffs "have added claims for relief under Utah law, which they are pursuing as a class action under FRCP 23."[7] In support of their motion, Plaintiffs argue that all the factors favor amendment, namely, the case is in the early stages, there has been no delay, no bad faith, no deficiencies by prior amendments, no prejudice to DAVA, and the amended will not be futile. Defendant opposes the motion by first setting forth the differing framework for FLSA collective actions and class actions arguing a "hybrid" of a collective action and class action is contrary to that framework and essentially unworkable. The court addresses this concern first.[8]

---

[2] Fed. R. Civ. P. 15(a).

[3] *Id.*

[4] *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[5] *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir.1999).

[6] ECF 35 at 5.

[7] *Id.*

[8] Defendant argues under *Makeen Inv. Grp., LLC as trustee for Makeen Fam. Children's Tr. v. Colorado*, 825 F.App'x 565, 570 (10th Cir. 2020), that when a "motion to amend 'is conclusory and devoid of any legal or factual analysis,' it is 'subject to denial' for that 'reason alone.'" *Id.* While it is true that the district court denied a motion to amend for that reason in the *Makeen* case, on appeal, the Tenth Circuit relied on the failure to offer an adequate

I. **A FLSA collective action and Rule 23 state-law class action may be maintained in the same proceeding**

As set forth by Defendant and Plaintiffs, this is a collective action under the FLSA for alleged violations in overtime compensation requirements. A collective action and a class action are different as noted by this court in a recent decision. "Unlike in a class action under Rule 23, parties are added to and bound by an FLSA collective action on an opt-in rather than opt-out basis. This requires the sending of an accurate and timely notice concerning the pendency of the action so that other similarly situated employees can make an informed decision about whether to join."[9] The requirements and procedures for certification of an FLSA collective action are also distinct from class certification under Rule 23. For example, courts typically apply a two-step certification procedure to FLSA collective actions.[10] Whereas, a class under Rule 23 is more significant and creates "an entirely new legal entity—a class of unnamed plaintiffs—whose interests generally are represented by 'class counsel' and the named plaintiff(s)."[11]

Given these inherent differences, Defendant cites to multiple cases that allegedly conclude a FLSA collective action and Rule 23 class action is "impermissible as a matter of law."[12] The court has reviewed this authority and finds it unpersuasive based on the factual situation here. *Bifulco v. Mortgage Zone, Inc.*[13] involved the court instructing the plaintiff that

---

explanation for the delay in seeking leave to amend. Plaintiffs' opening brief is lacking in much substantive analysis, but the court finds *Makeen* does not stand for the proposition that this is a sufficient basis *per se* to deny a motion to amend as the Tenth Circuit did not rely on that reasoning.

[9] *Kirkpatrick v. Greenix Holdings, LLC*, No. 2:23-CV-00033-JNP-JCB, 2024 WL 757158, at *3 (D. Utah Feb. 23, 2024)

[10] *See Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F.Supp.3d 1110, 1114-15 (D. Colo. 2017).

[11] *Id.*

[12] ECF No. 45 at 7.

[13] 262 F.R.D. 209 (E.D.N.Y. 2009)

3

"the term 'class action' should not be used to describe the lawsuit in this context, nor should the word 'class' be used to describe the opt-in plaintiffs."[14] It did not consider whether a FLSA and state class action could coexist. *Schmidt v. Fuller Brush Co.*,[15] held a typical class action could not be maintained under the Fair Labor Standards Act. Yet, it did not hold they could not coexist. The other authority relied on by Defendant focuses on the FLSA certification process and its differences to class certification.[16] Once again, however, it does not focus on both types of actions coexisting.

In contrast, Plaintiffs cite to a case out of the Eleventh Circuit that held an "FLSA collective action and a Rule 23(b)(3) state-law class action may be maintained in the same proceeding."[17] In doing so the Eleventh Circuit joined the "D.C., Second, Third, Seventh, and Ninth Circuits in so holding."[18] Neither party cites any authority from the Tenth Circuit that definitely answers whether an FLSA collective action and a Rule 23 state-law class action may be pursued in the same proceeding. Given the weight of persuasive authority from other Circuits, the court holds in the affirmative—a FLSA collective action and a Rule 23 state-law class action may coexist in the same proceeding.

---

[14] *Id.* at 216.

[15] 527 F.2d 532 (8th Cir. 1975).

[16] *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S.Ct. 1523(2013); *Bingham v. doTERRA Int'l, LLC*, 2024 WL 1973342 (D. Utah May 3, 2024).

[17] *Calderone v. Scott*, 838 F.3d 1101, 1103 (11th Cir. 2016).

[18] Citing *KeyCite Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528–30 (9th Cir. 2013), rev'd on other grounds, *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 135 S.Ct. 513, 190 L.Ed.2d 410 (2014); *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259–62 (3d Cir. 2012); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 247–49 (2d Cir. 2011); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 973–74 (7th Cir. 2011); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006).

## II. Supplemental jurisdiction does not prevent a state class action

District courts "may have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[19] District courts, however, do have discretion and may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[20]

DAVA focuses on the second and fourth factors arguing the court should decline to exercise supplemental jurisdiction over the state-law class action claims.

First, Defendant argues that the state-law Rule 23 class action would predominate over the FLSA collective action. The court is not persuaded by Defendant's argument or cited authority. There is no "definitive test" to make this determination as noted by Defendant.[21] The court finds there will be judicial economy, and cost savings to the parties by not having the FLSA collective action and state-law Rule 23 class action in separate cases. Contrary to Defendant's assertion, there will also be an economic benefit in the overlapping discovery. Efficiency and economy outweigh DAVA's arguments. Moreover, there is nothing in the

---

[19] 28 U.S.C. § 1367(a).

[20] *Id.* at § 1367(c).

[21] *Citing Woods v. First Transit, Inc.,* 2021 WL 4661662 at *5-9 (N.D. Ohio Oct. 7, 2021).

caselaw from other Circuits allowing a collective action and Rule 23 state-law class action in the same proceeding, finding the class action predominates over the FLSA collective action.

Next, DAVA argues there are compelling reasons to keep the class and collective actions separate. Defendant again relies on the fundamental differences between the two types of actions. But, that line of reasoning has been rejected. The "legion" of case law does not prevent the actions from coexisting in the same proceeding.

The court is not persuaded that it should decline to exercise supplemental jurisdiction here.

### III.    Questions about class representation

The undersigned acknowledges that Defendant sets forth a valid concern regarding whether Plaintiffs may serve as the class representative. Ultimately, the court chooses who is the most suitable class representative after evaluating factors such as typicality and adequacy, which "directly address personal characteristics of a class representative."[22] As noted by Defendant, a Rule 68 offer of judgment was made to the Plaintiffs here and that may distinguish them from others in the class. The current motion is confined to whether an amended complaint may be filed. It is not the vehicle for challenging Rule 23 class certification or who will be the lead plaintiff(s). That is a matter left for another day because allowing the state-law Rule 23 class action to be pled, and certifying such a class, are two distinct matters. The undersigned holds that questions about class representation do not prevent the granting of Plaintiffs' motion.

---

[22] *In re Ribozyme Pharms., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000).

### IV.     Can FLSA claims be brought against individual Defendants

Under the FLSA, the term "employer" is defined broadly and includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."[23] And the term "employ" is defined to mean "suffer or permit to work."[24] As noted by this court in a prior decision,

> To date, there is no binding authority from the Supreme Court or Tenth Circuit that determines the application of these definitions to the issue of whether an individual can be held liable as an employer under the FLSA. However, various other federal circuit and district courts have applied a test of "economic reality" to address this issue. This test seeds from the Supreme Court's instruction that the economic reality rather than technical concepts should govern in considering employment in the FLSA context.[25]

The economic realities test, "when applied to the issue of employer liability being placed on an individual," focuses on four inquiries and the "totality of the circumstances."[26] Courts consider: "1) an individual's power to hire and fire employees, 2) supervision or control of employee work schedules or conditions of employment, 3) whether an individual determines the rate and method of employee payment, and 4) whether an individual maintains employee records, among other factors."[27]

DAVA argues that although Plaintiffs "essentially quote some of the above factors" they "fail to include any facts that would establish the required plausibility to include individual

---

[23] 29 U.S.C. § 203(d); *see also Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998); *Hunter v. Agility Energy, Inc.*, 419 F. Supp. 3d 1269, 1272-73 (D. Utah 2019).

[24] *Id.*

[25] *Hunter*, 419 F. Supp. 3d at 1272-73 (citations and internal quotations omitted).

[26] *Id.* at 1273.

[27] *Id.*

defendants within the definition of 'employee.'"[28] These are "'threadbare recitals of the elements,'" "'mere conclusory statements,'" and "'legal conclusion[s] couched as fact.'"[29]

In Plaintiffs proposed Amended Complaint they assert the following. Defendant Jesus David Ruvalcaba and Rafael Vale Diaz are co-owner members. DAVA is engaged in commerce, and its owners determine video editor, employee, and client assignments. DAVA "routinely altered computerized time records" to avoid paying hourly wages, DAVA altered "employees' computerized time records", and its owners "caused to make" those alterations.[30] DAVA failed to pay proper overtime, paid employees "straight" time, and Mr. Diaz oversaw the time clock. Staff and managers were told by Mr. Ruvalcaba "to ensure no video editors were paid overtime", and instructed the staff and managers that DAVA did not have the money to pay overtime hours.[31]

In considering the economic realities test, Plaintiffs do not allege Mr. Diaz or Mr. Ruvalcaba had the power to hire or fire employees. It is alleged Mr. Diaz and Mr. Ruvalcaba ensured no overtime was paid, but that does not relate to the schedules or conditions of employment. The third factor, determining the rate and method of employee payment, was influenced by Mr. Diaz and Mr. Ruvalcaba allegedly controlling or seeking to control overtime payments. And fourth, Mr. Diaz and Mr. Ruvalcaba allegedly "caused to make" time alterations to employees' records. Finally, in considering the "totality of the circumstances" Plaintiffs Amended Complaint focuses more on DAVA's alleged misconduct than that of Mr. Diaz and Mr. Ruvalcaba. In weighing the factors, the court finds Plaintiffs have not set forth sufficient

---

[28] ECF No. 45 at 13.

[29] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

[30] ECF No. 50 at 14-15.

[31] *Id.* at 15.

plausible claims that raise the issue of employer lability being placed on Mr. Diaz or Mr. Ruvalcaba. As such, the court DENIES Plaintiffs' Motion to Amend as to the principals of DAVA.

## V. The applicability of res judicata

Defendant argues some of the proposed Plaintiffs "have lost the ability to pursue these claims based on res judicata."[32] In similar fashion to the discussion about class representation set forth previously, the undersigned finds whether certain newly named Plaintiffs may be excluded by res judicata not central to the decision of whether to allow the filing of an Amended Complaint. A separate motion to dismiss may be brought for those individuals that allows for more substantive briefing on that issue.

## VI. Remaining items

Defendant takes issue with some of Plaintiffs' citations noting the statues do not exist. In response, Plaintiffs aver this was an error in the transcription. Plaintiffs are to fix these errors and there is nothing left for the court to consider.

## ORDER

For the reasons set forth above, the court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion to Amend.

IT IS SO ORDERED.

DATED this 31 January 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[32] ECF No. 45 at 13.