THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, HARRISON FOLLETT, CHARLIE ALLEN, SOPHIE SANDERS, THOMAS BARTELL, JUSTIN ROBERTS, CARSON MCMASTER, ALONSO BARRANTES, BRADY PERKINS, JEREMY THOMPSON, PAIGE LUDDEN, KEATON HALES, TROOPER JOHNSON, RYAN GRIMMUS, AIDAN WALSH, and RYAN HADLEY, individually, <br><br> Plaintiffs, <br><br> v. <br><br> DAVA MARKETING, LLC, a Utah limited liability company, and DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [57] MOTION TO DISMISS VARIOUS PLAINTIFFS** <br><br> Case No. 2:23-cv-00632-DBB-DBP <br><br> District Judge David Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant DAVA Marketing, LLC's ("DAVA") Motion to Dismiss Various Plaintiffs ("Motion").[1] For the reasons that follow, the court denies the motion.

## BACKGROUND

Plaintiffs initiated this action on September 14, 2023[2] and filed an Amended Complaint ("FAC") on February 3, 2025.[3] The FAC asserts violations of the Fair Labor Standards Act ("FLSA") (Claims I and II), Utah Payment of Wages Act (Claim III), and Utah Employment Security Act and Workers' Compensation Act (Claim IV).[4] The claims focus on DAVA's alleged failure to pay its workers for all hours and time worked, including overtime.[5] Plaintiffs

---

[1] Def.'s Mot. to Dismiss Various Plaintiffs ("Mot."), ECF No. 57, filed February 25, 2025.
[2] Compl., ECF No. 1.
[3] Am. Compl. ("FAC"), ECF No. 55.
[4] FAC ¶¶ 135–80.
[5] *Id.* ¶ 2.

1

are individuals who have worked for DAVA within three years of filing this action.[6] The following individuals ceased their employment with DAVA more than two years prior to the present action (but within three years): Charlie Allen ("Allen"), Thomas Bartell ("Bartell"), Carson McMaster ("McMaster"), Paige Ludden ("Ludden"), Keaton Hales ("Hales), and Ryan Hadley ("Hadley").[7]

Prior to the initiation of this lawsuit, on November 23, 2021, DAVA filed an action in state court (the "State Court Action") asserting claims against Plaintiffs Harrison Follett ("Follett"), Alonso Barrantes ("Barrantes"), and Aidan Walsh ("Walsh") for their actions surrounding their termination of employment with DAVA, including allegedly taking company property, violating non-compete agreements, and misappropriating DAVA's intellectual property.[8] The complaint was never served on Follett, and he therefore never appeared in the case or filed any documents.[9] Barrantes was served, but he never answered the complaint, resulting in the issuance of a default certificate.[10] No default judgment was ever sought or issued. Walsh brought a counterclaim for unlawful termination and recovery of "lost wages," among other claims.[11] A final judgment was rendered on October 7, 2024.[12]

On February 25, 2025, DAVA moved to dismiss these identified Plaintiffs based on res judicata and allegedly expired statutes of limitations under the FLSA and Utah's Payment of Wages Act.[13] DAVA also moved to dismiss Plaintiffs' claim under the Utah Employment

---

[6] *See id.* ¶¶ 6–21.
[7] *See id.*
[8] *See DAVA Marketing, LLC v. Walsh* et al., Case No. 210100233 ("State Court Docket"), Compl., ECF No. 57-1, filed February 25, 2025.
[9] *See id.*, ECF No. 66-1, filed April 2, 2025.
[10] *Id.* Nos. 5, 7, 30.
[11] *See id.*, Counterclaim, ECF No. 57-2, filed February 25, 2025.
[12] *See id.*
[13] ECF No. 57.

Security Act and Workers' Compensation Act for failure to allege an injury.[14] On April 2, 2025, Plaintiffs filed an Opposition.[15] On April 16, 2025, DAVA filed a Reply.[16]

## STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The court does not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[19]

## DISCUSSION

DAVA moves to dismiss various Plaintiffs based on res judicata, statutes of limitations, and failure to allege an injury under the Utah Employment Security Act and Workers' Compensation Act. The court considers each in turn.

## I.    RES JUDICATA

DAVA argues that res judicata (claim preclusion) bars Follett, Barrantes, and Walsh's claims in this lawsuit. "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment."[20] Under the Full Faith and Credit statute,[21] in cases involving a prior state-court judgment and subsequent litigation in federal court, federal courts "refer to the preclusion law of

---

[14] *Id.*
[15] Pls.' Opp'n to DAVA's Mot. to Dismiss Various Plaintiffs ("Opp'n"), ECF No. 66.
[16] DAVA's Reply in Support of Mot. to Dismiss Various Plaintiffs ("Reply"), ECF No. 67.
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[18] *Id.*
[19] *Id.* at 678.
[20] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)).
[21] 28 U.S.C. § 1738.

the State in which judgment was rendered."[22] The State Court Action and subsequent judgment were rendered in Utah. Therefore, Utah preclusion law applies.

Under Utah law, claim preclusion applies when: (1) "both cases . . . involve the same parties or their privies"; (2) "the claim that is alleged to be barred [was] presented in the first suit or [is] one that could and should have been raised in the first action"; and (3) "the first suit . . . resulted in a final judgment on the merits."[23]

### A.    Same Parties: Follett

As to Follett, Plaintiffs argue that Follett was not a "party" to the first lawsuit—despite being named as a defendant—because he was never properly served.[24] DAVA responds that "the elements of res judicata require only identification of *parties* for application, not participation."[25] While it is true that participation is not required for res judicata to apply—such as via a default judgment[26]—one is not a party for res judicata purposes if they were never served.[27]

DAVA also argues that there is privity of interest between Follett and Walsh regarding their wage disputes with DAVA.[28] "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."[29] The Supreme Court in *Taylor v. Sturgell* noted six

---

[22] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982) ("It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which judgment is taken.").

[23] *Gillmor v. Fam. Link, LLC*, 284 P.3d 622, 626 (Utah 2012) (quoting *Mack v. Utah State Dep't of Com.*, 221 P.3d 194, 203 (Utah 2009)).

[24] Opp'n 4.

[25] Reply 3.

[26] *See Schoney v. Memorial Estates*, 863 P.2d 59, 61 n.5 (Utah Ct. App. 1993) (stating default judgment was a final judgment for res judicata purposes).

[27] *See Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (discussing claim preclusion and "the general rule that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party *or to which he has not been made a party by service of process*.'") (emphasis added).

[28] Reply 3–4.

[29] *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008).

categories of recognized exceptions to the general rule against nonparty preclusion.[30] Relevant here, DAVA argues that privity can be established "when a nonparty was 'adequately represented by someone with the same interests who [wa]s a party' in an earlier suit.[31] However, the Supreme Court further clarified that these suits include "properly conducted class actions . . . and suits brought by trustees, guardians, and other fiduciaries."[32] DAVA has not shown that Walsh fits into any of these categories. Additionally, there is no indication that Walsh "understood [himself] to be acting in a representative capacity or the original court took care to protect [Follett's] interests," nor was there notice to Follett of the State Court Action, in which he was never served.[33] Therefore, DAVA has not shown that Follett was a party to the State Court Action or otherwise had privity with Walsh.

### B.    Same Claims: Barrantes and Walsh

Plaintiffs argue that res judicata does not bar Barrantes and Walsh's claims under the second element. Because claim preclusion is an affirmative defense under Utah law,[34] the court may only dismiss their claims if their FAC contains facts suggesting that their claims were the same as their claims in the first action (Walsh), or that their claims should have been raised in the first action through a compulsory counterclaim (Barrantes).

Utah, like the Tenth Circuit,[35] has adopted the "transactional test" from the Restatement (Second) of Judgments to determine whether a claim is the same for purposes of claim preclusion.[36] Under the transactional test, "[c]laims or causes of action are the same as those

---

[30] 553 U.S. 880, 893–95 (2008).
[31] *Pelt*, 539 F.3d at 1281–82 (quoting *Taylor*, 553 U.S. at 894).
[32] *Taylor*, 553 U.S. at 894.
[33] *See id.* at 901.
[34] *H & H Network Servs., Inc. v. Unicity Intern., Inc.*, 323 P.3d 1025, 1028 (Utah Ct. App. 2014) (citing *State v. Perank*, 858 P.2d 927, 931 n.3 (Utah 1992)).
[35] *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149–51 (10th Cir. 2006).
[36] *Gillmor v. Fam. Link, LLC*, 284 P.3d 622, 627 (Utah 2012); *see also* Restatement (Second) of Judgments § 24 (Am. L. Inst. 1982).

brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction."[37] "[D]eterminations on whether a certain factual grouping constitutes a transaction or series of transactions should be made 'pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [or] whether they form a convenient trial unit . . . ."[38] A convenient trial unit exists where there is "significant overlap in the facts, witnesses, or evidence necessary" to establish both the prior claims and the claims alleged to be precluded.[39] "[N]o single factor is determinative."[40]

As stated *supra*, *i*n the State Court Action, DAVA sued Barrantes and Walsh for their actions surrounding their termination of employment with DAVA, including allegedly taking company property, violating non-compete agreements, and misappropriating DAVA's intellectual property.[41] In the instant action, Plaintiffs' claims center on DAVA's alleged failure to pay them for all hours and time worked, including overtime.

Although both actions relate to their employment with DAVA generally, there are important differences between the actions. Most notably, the State Court Action involved allegations and evidence relevant to after their employment with DAVA ended. In contrast, the current action alleges DAVA's failures *during* their employment with DAVA. Thus, aside from general facts establishing that Plaintiffs worked for DAVA, the two sets of claims generally concern different time periods, facts, evidence, and likely some witnesses. DAVA argues that Barrantes and Walsh were required to bring their claims here as compulsory counterclaims in the

---

[37] *Mack v. Utah State Dep't of Com.*, 221 P.3d 194, 203 (Utah 2009).
[38] *Gillmor*, 284 P.3d at 627.
[39] *Id.* at 629.
[40] *Id.* at 627.
[41] *See DAVA Marketing, LLC v. Walsh* et al., Case No. 210100233 ("State Court Docket"), Compl., ECF No. 57-1, filed February 25, 2025.

State Court Action but have failed to show this. At most, DAVA has shown that Barrantes and Walsh could have brought the present action in state court as a permissive counterclaim, which is insufficient to support the preclusion finding it seeks.

Walsh, however, did bring a counterclaim in the State Court Action for unlawful termination and recovery of "lost wages," among other claims.[42] Recovery of lost wages is substantially similar (if not identical) to the present suit for DAVA's alleged failure to pay Walsh for all hours worked. Plaintiff argues that Walsh did not seek redress under the FLSA in the state court action.[43] This is irrelevant, as the specific statute does not matter for claim preclusion purposes, but rather the focus is on the similarities in the underlying facts, witnesses, and evidence required in the two lawsuits.

Plaintiff further argues with no support that a state court judge would not have jurisdiction to apply the FLSA—or any other federal statute in state court.[44] The Supreme Court has repeatedly confirmed that this is not the case; "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."[45] Even the FLSA itself specifies that an employee may recover damages "in any Federal or State court of competent jurisdiction."[46] Therefore, this argument is meritless.

### C.    Final Judgment on the Merits: Walsh

Lastly, Plaintiffs argue that Walsh is not precluded because the prior lawsuit was not a final judgment on the merits.[47] "[I]n the claim preclusion context, a judgment which by its terms

---

[42] *See id.*, Counterclaim, ECF No. 57-2, filed February 25, 2025.
[43] Opp'n 7.
[44] Opp'n 7.
[45] *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990); *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012) ("In cases 'arising under' federal law, we note, there is a 'deeply rooted presumption in favor of concurrent state court jurisdiction,' rebuttable if 'Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim.'") (quoting *Tafflin*, 493 U.S. at 458–59).
[46] 29 U.S.C. § 216(b).
[47] Opp'n 7–8.

purports to be without prejudice does not operate as a final judgment on the merits."[48] In

dismissing Walsh's state court counterclaim for failing to disclose damages, the judge wrote:

> The Court specifically finds that this dismissal does not implicate any other litigation, does not implicate any future or pending federal claims, and that the reason that the Court is dismissing the Counterclaim and the Third-Party Complaint is based solely on the failure to disclose damages under the Utah Rules of Civil Procedure. Thus, the dismissal with prejudice is limited to a finding on the merits with regard only to the failure to disclose damages in this state court action.[49]

Therefore, although the state court judge dismissed the counterclaim with prejudice in the state

court proceeding with regard to the failure to disclose damages, the dismissal was otherwise

procedural (a failure to disclose under the Utah Rules of Civil Procedure) and without prejudice

as to future or pending federal claims—such as this lawsuit.

In response, DAVA asserts that the quoted section of the state court judge's order was

initially drafted by Walsh's counsel, it is erroneous, and although the judge had the right to

render a legal decision, she can be in error about the effects of that decision.[50] First, it does not

matter whether the judge adopted the language based on Walsh's counsel's suggestion; what

matters is that she included the language in her signed order. Second, even if the judge's decision

was erroneous, the court declines to function as an appellate court under the *Rooker-Feldman*

doctrine.[51] If DAVA disagreed with the judge's decision or the stated effects of that decision,

---

[48] *Haskell v. Wakefield & Assocs., Inc.*, 557 P.3d 245, 247 (Utah Ct. App. 2024) (internal quotations omitted).

[49] State Court Docket, Order on Walsh's Counterclaim 6, ECF No. 57-3, filed February 25, 2025.

[50] Reply 8–9.

[51] "The *Rooker–Feldman* doctrine prevents . . . federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005)). "Thus, in applying the *Rooker–Feldman* doctrine, we focus on whether the lower federal court, if it adjudicated plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004). The *Rooker-Feldman* doctrine "shares a close affinity to claim and issue preclusion," and is even slightly broader in the Tenth Circuit, applying to both temporary and final orders. *Id.* Thus, it is clear that this court cannot effectively overturn the state court judge's holding that the decision against Walsh "does not implicate any future or pending federal claims."

DAVA could have filed an objection pursuant to Rule 7 of the Utah Rules of Civil Procedure, as outlined at the end of the judge's order.[52] But it apparently did not.

Lastly, DAVA cites to a statement by the Tenth Circuit in *Harris v. City Cycle Sales* that "a dismissal without prejudice [is not] dispositive" and "[s]uch judgment can have issue-preclusive effects."[53] But DAVA fails to apply the case or its facts to the state court judgment. In *Harris*, after the plaintiff's claim was dismissed by the state court, the plaintiff abandoned it on appeal.[54] The court held that abandoning a claim on appeal makes rejection of the claim the law of the case upon remand to the trial court, and "a plaintiff cannot escape that result by obtaining a dismissal without prejudice of the case and refiling the identical claim before a different tribunal."[55] The court explained that "[d]ismissal without prejudice preserves only those claims that were still 'alive' at the time of the dismissal."[56] DAVA makes no attempt to explain how the instant set of facts relate to *Harris's* holding. Accordingly, DAVA has not shown that res judicata bars Plaintiffs' claims.

## II.    STATUTES OF LIMITATIONS

DAVA contends that Allen, Bartell, McMaster, Ludden, Hales, and Hadley are barred from raising claims under the FLSA and Utah's Payment of Wages Act because they each ceased their employment with DAVA more than two years ago.[57]

### A.    FLSA

The FSLA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies.[58] "To fall under the

---

[52] *See* Order on Walsh's Counterclaim 8, ECF No. 57-3.
[53] *Harris v. City Cycle Sales, Inc.*, 112 F.4th 1272, 1281 (10th Cir. 2024).
[54] *Id.* at 1282.
[55] *Id.*
[56] *Id.*
[57] Mot. 5; FAC ¶¶ 6–21.
[58] *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (citing 29 U.S.C. § 255(a)).

three-year limitation, the plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct violated the statute.'"[59] "Reckless disregard can be shown through 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"[60]

Because the statute of limitations amounts to an affirmative defense, dismissal is only appropriate when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements.[61] The Tenth Circuit in *Fernandez v. Clean House, LLC* analyzed whether a complaint sufficiently alleged a willful violation under the FLSA.[62] In finding that it did, the court first found that the complaint did not contain an admission that the alleged FLSA violations were not willful, and instead asserted willfulness.[63] In doing so, the court recognized that "[t]his is one of the unusual circumstances where the burdens of pleading and persuasion are not on the same party."[64]

The court additionally found that the complaint adequately pleaded willfulness under Federal Rule of Civil Procedure 9(b) because "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[65] The Tenth Circuit "follow[ed] the Ninth Circuit's lead in concluding that [an] allegation of willfulness suffices," even one that merely states that the alleged violations were "deliberate, intentional, and willful."[66]

Here, the FAC contains sufficient allegations of willfulness, including that "DAVA purposefully and willfully altered employee time records . . . in an effort to avoid paying

---

[59] *Id.* (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)).
[60] *Id.* (quoting *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 68 (2007)).
[61] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).
[62] *Id.*
[63] *Id.*
[64] *Id.*
[65] *Id.*
[66] *Id.*

overtime," "DAVA intentionally and knowingly failed to properly compensate Plaintiffs . . . for all hours worked," "DAVA intentionally and knowingly misclassified employees as 'independent contractors' . . . and therefore failed to properly compensate Plaintiffs," DAVA committed these violations of the FLSA "intentionally, willfully, and with reckless disregard of clearly applicable FLSA provisions," and more.[67] As such, the court finds Plaintiffs have adequately pled willfulness at this juncture for the FLSA's three-year statute of limitations period to apply.

### B.    Utah's Payment of Wages Act

Defendants argue that, unlike the FLSA, Utah's Payment of Wages Act has a statute of limitations of just one year after the day on which the wages were earned.[68] Allen, Bartell, McMaster, Ludden, Hales, and Hadley ceased their employment with DAVA more than one year prior to the initiation of this lawsuit.[69] Plaintiffs respond that the Utah Payment of Wages Act is actually subject to a three-year statute of limitations pursuant to Utah Code § 78B-2-305, citing to this court's decision in *Scholzen v. Scholzen Prods. Co.*[70] DAVA fails to respond to this argument, instead incorrectly stating that Plaintiffs "failed to oppose" this basis for dismissal.[71] As such, DAVA has not shown that a one-year statute of limitations applies to Plaintiffs' claim under the Utah Payment of Wages Act. The Motion is denied as to Count Three.

### III.    UTAH EMPLOYMENT SECURITY ACT AND WORKERS' COMPENSATION ACT

Lastly, DAVA moves to dismiss Plaintiffs' Utah Employment Security Act and Workers' Compensation Act claim for failure to allege any injuries, and therefore failure to state a claim.[72]

---

[67] *See, e.g.*, FAC ¶¶ 97, 99, 112, 143, 145, 157, 159.
[68] *See* Mot. 5 (citing Utah Code § 34-28-9(1)(e)).
[69] FAC ¶¶ 6–21.
[70] No. 4:20-cv-00019-DN-PK, 2020 WL 7630801, at *6 (D. Utah Dec. 22, 2020).
[71] Reply 11.
[72] Mot. 5.

Plaintiffs did not respond to this argument.[73] Nonetheless, in the two sentences DAVA devotes to this issue, DAVA provides no caselaw or analysis as to what injuries Plaintiffs failed to allege that justifies dismissal of the claim.[74] Therefore, the motion is denied.

## ORDER

The court DENIES DAVA's motion to dismiss various plaintiffs.[75]

Signed June 16, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[73] *See generally* Opp'n.
[74] *See, e.g.*, FAC ¶ 171 ("Plaintiffs incorporate the averments of all previous paragraphs as though fully set forth herein.").
[75] ECF No. 57.