THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, HARRISON FOLLETT, CHARLIE ALLEN, SOPHIE SANDERS, THOMAS BARTELL, JUSTIN ROBERTS, CARSON MCMASTER, ALONSO BARRANTES, BRADY PERKINS, JEREMY THOMPSON, PAIGE LUDDEN, KEATON HALES, TROOPER JOHNSON, RYAN GRIMMUS, AIDAN WALSH, and RYAN HADLEY, individually,<br><br>Plaintiffs,<br><br>v.<br><br>DAVA MARKETING, LLC, a Utah limited liability company, and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [65] MOTION TO DISMISS COUNTERCLAIM AND THIRD-PARTY COMPLAINT**<br><br>Case No. 2:23-cv-00632-DBB-DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiffs' Motion to Dismiss DAVA Marketing, LLC's ("DAVA") Counterclaim and Third-Party Complaint ("Motion").[1] For the reasons that follow, the court grants the motion.

## BACKGROUND

Plaintiffs are individuals who have worked for DAVA within three years of filing this action.[2] Plaintiffs assert violations of the Fair Labor Standards Act ("FLSA") (Claims I and II), Utah Payment of Wages Act (Claim III), and Utah Employment Security Act and Workers' Compensation Act (Claim IV).[3] The claims focus on DAVA's alleged failure to pay its workers

---

[1] Pls.' Mot. to Dismiss Counterclaim and Third-Party Compl. ("Mot."), ECF No. 65, filed March 31, 2025.
[2] *See* Am. Compl. ("FAC") ¶¶ 6–21, ECF No. 55.
[3] FAC ¶¶ 135–80.

1

for all hours and time worked, including overtime, as well as related claims for misclassifying its workers as independent contractors to avoid paying the required sums.[4]

Plaintiffs initiated this action on September 14, 2023[5] and filed an Amended Complaint ("FAC") on February 3, 2025.[6] On February 24, 2025, DAVA filed an Answer to the FAC.[7] The Answer did not include a counterclaim or third-party complaint.[8] On March 17, 2025, DAVA filed an "Answer, Counterclaim, and Third-Party Complaint," which incorporated its Answer to the FAC and added a Counterclaim and Third-party Complaint.[9]

On March 31, 2025, Plaintiffs filed the instant Motion to dismiss DAVA's Counterclaim and Third-Party Complaint.[10] On April 28, 2025, DAVA filed an Opposition.[11] On May 2, 2025, Plaintiffs filed a Reply.[12]

## DISCUSSION

Plaintiffs move to dismiss DAVA's Counterclaim and Third-Party Complaint both on procedural grounds and for being substantively improper in an FLSA case.[13] Because the court resolves the matter based on the substantive arguments of the parties, it need not resolve the procedural disputes.

**I.    DAVA'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT ARE SUBSTANTIVELY IMPROPER BASED ON THE FLSA CLAIMS**

The FLSA is based on a congressional finding that "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general

---

[4] *Id.* ¶ 2, 86–96.
[5] Compl., ECF No. 1.
[6] ECF No. 55.
[7] Answer to FAC ("Answer"), ECF No. 56.
[8] *See generally id.*
[9] Answer, Countercl. and Third-Party Compl. ("Am. Answer"), ECF No. 58.
[10] ECF No. 65.
[11] Def.'s Opp'n to Mot. to Dismiss ("Opp'n"), ECF No. 68.
[12] Pls.' Reply in Support of Mot. to Dismiss ("Reply"), ECF No. 69.
[13] Mot. 1–9.

well-being of workers" burden commerce, among other negative social effects.[14] The statute establishes a minimum wage,[15] overtime pay,[16] and other labor standards for employees engaged in interstate commerce or employed by enterprises affecting commerce. The FLSA does not preempt state laws that go beyond these minimum standards.[17]

Plaintiffs cite a wide array of out-of-circuit cases that have found counterclaims against collective members are prohibited in FLSA cases.[18] The cases reason that because lawsuits under the FLSA solely involve the employer's compliance with minimum wage and overtime standards, allowing private claims regarding other aspects of the employer-employee relationships would be antithetical to the purpose of the Act.[19]

Plaintiffs also cite to the Tenth Circuit's decision in *Donovan v. Pointon*.[20] In *Donovan*, the Secretary of Labor brought an FLSA action to enjoin an employer from continued withholding of overtime pay due to his employees.[21] The district court denied the employer's requests to assert set-offs, counterclaims, and third-party complaints based upon claims that two

---

[14] *See* 29 U.S.C. § 202.
[15] *Id.* § 206.
[16] *Id.* § 207.
[17] *See id.* § 218; *see also Smith v. Batchelor*, 832 P.2d 467, 472 (Utah 1992) (finding FLSA does not preempt Utah Payment of Wages Act).
[18] Mot. 1–5.
[19] *See, e.g.*, *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) ("The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor."), *overruled in part on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010) (reaffirming the principle that "set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions"); *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1287 (S.D. Fla. 2019) (dismissing compulsory counterclaims in FLSA action because any recovery on them would run afoul of *Brennan*); *Yassa v. EM Consulting Grp., Inc.*, 261 F. Supp. 3d 564, 566–67 (D. Md. 2017) (rejecting counterclaim in lawsuit asserting claims under FLSA and state law).
[20] 717 F.2d 1320 (10th Cir. 1983).
[21] *Id.* at 1323.

of his employees allegedly owed him money for sums which he had advanced to them and that certain employees were liable to him in tort for acts of sabotage.[22]

The Tenth Circuit affirmed. The court explained: "the purpose of the present action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims . . . against his employees would delay and even subvert the whole process."[23] Based on *Donovan*, other district courts in the Tenth Circuit have determined that employer counterclaims are generally disfavored in FLSA actions.[24]

DAVA makes two arguments to distinguish *Donovan*. First, DAVA argues that *Donovan* does not apply to this matter, which involves purely private rights under the FLSA and compulsory counterclaims.[25] And second, DAVA points out that this is not a pure FLSA lawsuit because Plaintiffs also assert state law claims.[26] Some district courts have distinguished *Donovan* on this basis and found that allowing a counterclaim would promote judicial economy.

In particular, DAVA relies on three district court cases. First, in *Davis v. Westgate Planet Hollywood Las Vegas, LLC*,[27] the District of Nevada distinguished *Donovan* based on the fact that the lawsuit before the court was brought by employees and the employees also asserted various non-FLSA causes of action, including breach of contract.[28] The court found that "[i]t would be unfair to allow the [plaintiffs] to assert their breach of contract claim against [defendant] while simultaneously forbidding [defendant] to assert its breach of contract

---

[22] *Id.*
[23] *Id.*
[24] *See, e.g.*, *Smith v. City of Sand Springs, Oklahoma*, No. 17-cv-531-JED-FHM, 2018 WL 4494986, at *2 (N.D. Okla. Sept. 19, 2018) (citing cases and declining to exercise supplemental jurisdiction over state law counterclaims).
[25] Opp'n 4–6.
[26] *Id.* at 6–8. DAVA also argues that this is not a "FLSA action" because it has not yet been certified as such. *Id.* at 6–7. DAVA provides no support for the proposition that certification of an FLSA action is required for the court's analysis of *Donovan* and other similar cases where a party asserts claims under the FLSA.
[27] No. 2:08-cv-00722-RCJ-PAL, 2009 WL 10693341 (D. Nev. Sept. 18, 2009).
[28] *Id.* at *5.

counterclaim against the [plaintiffs]."[29] The court also held that allowing the counterclaim would promote judicial economy because the plaintiffs' claims required an examination of payments made to the plaintiffs by defendant to determine whether they were underpaid, while the counterclaim required an examination of the same payments to determine if plaintiffs were overpaid.[30]

Second, the District of Arizona distinguished *Donovan* in *Alexander v. Golden Margarita LLC*[31] because it was not an action brought by the Secretary of Labor to enforce a public right, *Donovan* does not specify whether the district court's refusal to consider the employer's counterclaims was based on a determination that they were not compulsory or was instead a matter of discretion, and allowing the counterclaims would promote judicial economy because they were "inextricably intertwined with the plaintiffs' wage claims" because they all hinged on the premise that the plaintiffs were responsible for causing the defendant to engage in the challenged payment practices.[32]

Third, the District of Kansas favorably cited *Davis* in *Jones v. Addictive Behavioral Change Health Group, LLC*.[33] As relevant here, the court allowed a counterclaim for unjust enrichment because the action was brought by individual employees asserting private rights and allowing the counterclaim would promote judicial economy because the plaintiff's FLSA claim was to recover underpaid wages, whereas the defendant's counterclaim was to recover overpaid wages.[34]

---

[29] *Id.*
[30] *Id.* at *6.
[31] No. cv-22-00781-PHX-DWL, 2023 WL 2891360 (D. Ariz. Apr. 11, 2023).
[32] *Id.* at *4.
[33] 364 F. Supp. 3d 1257 (D. Kan. 2019).
[34] *Id.* at 1264, 1266.

It is true that *Donovan* concerned a lawsuit brought by the Secretary of Labor to enforce a public right, as opposed to the instant case brought by individual employees to enforce their private rights under the FLSA. The argument against allowing a counterclaim against employees is certainly stronger when the Secretary brings the lawsuit, in comparison to when employees attempt to vindicate their own private rights. On this basis, the court finds that *Donovan* is not binding here based on its particular facts.

But this distinction does not resolve the question on its own. After all, other courts have rejected counterclaims even in FLSA cases brought by private parties.[35] In other respects, DAVA's three cited cases are distinguishable. Each of those cases—whether or not the FLSA claims were accompanied by state law claims—found that allowing the counterclaims would promote judicial economy because resolution of the counterclaims required analysis of the same facts, evidence, and time period as the plaintiffs' FLSA or related state law claims. For example, the claims and counterclaims in *Davis* and *Jones* each required the court to determine whether the plaintiffs were underpaid or overpaid. And the counterclaims in *Alexander* were "inextricably intertwined" with the plaintiffs' wage claims.

The same is not true here; the parties' claims do not arise out of the same transaction or occurrence. DAVA's Counterclaim and Third-party Complaint asserted claims for breach of contract and the covenant of good faith and fair dealing (Claim One), intentional interference with economic relations (Claim Two), conversion (Claim Three), and unjust enrichment (Claim Four).[36] Although both parties' actions relate to Plaintiffs' employment with DAVA generally,

---

[35] *See, e.g.*, *Brennan*, 491 F.2d at 4 (stating that cluttering FLSA lawsuits with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act "whether the suit is initiated by individual employees or by the Secretary of Labor"); *Yassa*, 261 F. Supp. 3d at 566–67 (rejecting counterclaim in FLSA case brought by individual employees).
[36] Am. Answer ¶¶ 26–47.

each of Plaintiffs' claims (both under the FLSA and state law) relate to DAVA's failure to pay them amounts allegedly owed based on how much they worked prior to the end of their employment (including overtime).[37] In contrast, DAVA's claims concern alleged violations of non-compete and non-disclosure agreements and the resulting use of this stolen data *after* Plaintiffs ceased their employment with DAVA.[38] In sum, the parties' claims concern different time periods, facts, evidence, and some witnesses. As such, the court finds that allowing DAVA's counterclaims here would be antithetical to the purpose of the FLSA, unduly complicate and delay the litigation, and add little to no benefit in terms of judicial economy.

The motion is granted. The court's decision does not preclude DAVA from seeking to refile its claims in a separate action in federal or state court.

## ORDER

The court GRANTS Plaintiffs' Motion to Dismiss DAVA's Counterclaim and Third-Party Complaint[39] without prejudice.

Signed June 20, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[37] *See* FAC ¶¶ 135–177.
[38] *See* Am. Answer ¶¶ 26–47.
[39] ECF No. 65.