# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, HARRISON FOLLETT, CHARLIE ALLEN, SOPHIE SANDERS, THOMAS BARTELL, JUSTIN ROBERTS, CARSON MCMASTER, ALONSO BARRANTES, BRADY PERKINS, JEREMY THOMPSON, PAIGE LUDDEN, KEATON HALES, TROOPER JOHNSON, RYAN GRIMMIUS, AIDAN WALSH, and RYAN HADLEY, individually and on behalf of persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DAVA MARKETING, LLC, a Utah limited liability company, and DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [75] PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION** <br><br> Case No. 2:23-cv-00632-DBB <br><br> District Judge David Barlow |

Before the court is Plaintiffs' Motion for Conditional Certification of an FLSA Collective Action.[1]

## BACKGROUND

In their Complaint, Plaintiffs allege the following. Plaintiffs are former employees of Defendant Dava Marketing, LLC ("Dava").[2] They provided video editing, design, and content creation services to customers.[3] As part of its business model, Dava requires its employees to

---

[1] Motion for Conditional Certification of FLSA Collective Action ("Motion for Certification"), ECF No. 75, filed Sep. 19, 2025.
[2] First Amended Complaint ("Compl.") ¶¶ 6–21, ECF No. 55, filed Feb. 3, 2025.
[3] *Id.* ¶¶ 35–36.

1

provide these services on very tight schedules, often resulting in after-hours work and workweeks of longer than forty hours.[4] Even though the Fair Labor Standards Act ("FLSA") requires employers to pay time-and-a-half compensation for overtime work above forty hours in a week, Dava did not do so.[5] Instead, Dava altered employee time records, banked overtime hours for upcoming weeks, or paid straight time for overtime hours worked.[6] Dava also improperly classified some employees as "independent contractors" in order to avoid having to fulfill FLSA requirements.[7]

Based on these allegations, Plaintiffs filed their Complaint which, in part, asserts claims for FLSA overtime violations on behalf of DAVA employees, including misclassified independent contractors.[8] Now, Plaintiffs move for conditional certification of their collective action under the FLSA.[9] Dava does not oppose conditional certification of the collective action, but it argues that Plaintiffs' proposed collective definition is overbroad and that the notice must be amended.[10]

## STANDARD

The FLSA authorizes plaintiffs to bring a collective action for overtime wages on behalf of "themselves and other employees similarly situated."[11] "Unlike in a class action under Federal Rule of Civil Procedure 23, parties are added to and bound by a FLSA collective action on an

---

[4] *Id.* ¶¶ 37–39.
[5] *Id.* ¶ 98.
[6] *Id.* ¶¶ 99, 121.
[7] *Id.* ¶¶ 86–92.
[8] *Id.* ¶¶ 135–61.
[9] Motion for Certification 5.
[10] Opp'n to Motion for Conditional Certification of FLSA Collective Action ("Opp'n") 1–2, ECF No. 88, filed Oct. 17, 2025.
[11] 29 U.S.C. § 216(b).

2

'opt-in' rather than 'opt-out' basis."[12] "This requires the sending of an accurate and timely notice concerning the pendency of the action so that other 'similarly situated' employees can make an informed decision about whether to join."[13]

To determine whether potential class members are similarly situated at the notice stage, courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[14] "The lenient standard is applied because it recognizes that plaintiffs have been unable to conduct discovery."[15] At the conclusion of discovery, the court moves to the second stage in the analysis and utilizes a stricter standard to determine if class members actually are similarly situated.[16]

## DISCUSSION

### I. Conditional Certification

The court must first determine whether conditional certification of a FLSA collective action is appropriate in this case. As previously noted, Dava does not oppose conditional certification at this stage.[17] In *Thiessen v. General Electric Capital Corp.*, the Tenth Circuit found that an *ad hoc* approach to conditional certification is appropriate.[18] Under such an approach, the court first makes an initial "'notice stage' determination of whether plaintiffs are

---

[12] *Pichler v. Cotiviti, Inc*, No. 2:23-CV-0884-AMA, 2024 WL 3089897, at *3 (D. Utah 2024); *see also* 29 U.S.C. § 216 (b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought.").
[13] *Pichler,* 2024 WL 3089897 at *3.
[14] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).
[15] *Madsen v. Sidwell Air Freight*, No. 1:23-CV-0008-JNP, 2024 WL 1160204, at *2 (D. Utah 2024) (citing *Pack v. Investools, Inc.,* No. 2:09-cv-1042, 2011 WL 3651135, at *2 (D. Utah 2011)).
[16] *Thiessen*, 267 F.3d at 1103.
[17] Opp'n 1.
[18] *Thiessen*, 267 F.3d at 1105.

'similarly situated.'"[19] Then, after discovery, the court applies a stricter standard to determine if the plaintiffs are similarly situated, accounting for plaintiff-specific facts.[20] At this stage in this case, the court must only make an initial determination, so even a finding that Plaintiffs substantially allege "that the putative class members were together the victims of a single decision, policy, or plan" is sufficient to warrant conditional certification and notice. [21]

Here, substantial allegations of that nature are present. The Complaint alleges that Plaintiffs and other Dava employees routinely worked longer than forty hours in a week due to Dava's policies on quick-turnaround times for projects.[22] It also states that these overtime hours were not compensated according to FLSA requirements because of widespread corporate practices and official company policies.[23] Plaintiffs allege that these FLSA overtime violations affected other Dava employees, including some employees improperly classified as independent contractors.[24] These facts are sufficient at this stage to substantially allege that the proposed collective members are similarly situated as "victims" of Dava's overtime payment polices.[25] The court finds that conditional certification of a collective action is appropriate in this case.

## II. Collective Definition

Although Dava does not oppose the conditional certification of a collective action at this initial stage, it does dispute Plaintiffs' definition of the collective.[26] Plaintiffs propose the following definition of the collective group:

---

[19] *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.,* 175 F.R.D. 672, 678 (D. Colo. 1997)).
[20] *Id.* at 1103.
[21] *Id.* at 1102.
[22] Compl. ¶¶ 36–38, 53–54, 81–82.
[23] *Id.* ¶¶ 57–60, 75–80.
[24] *Id.* ¶¶ 81–85, 87.
[25] *See Thiessen*, 267 F.3d at 1102.
[26] Opp'n 4–5.

4

> All current and former employees who were paid by DAVA to **sell**, design and edit videos and manage online and social media content for DAVA Marketing LLC in the United States during the applicable limitations period.[27]

Dava proposes certain changes:

> All current and former **non-exempt** employees who were paid by DAVA **on an hourly basis** to design and edit videos and manage online and social media content for DAVA Marketing LLC in the United States during the applicable limitations period **and who claim unpaid overtime wages are due and owing from DAVA**.[28]

Dava argues that Plaintiffs' proposed definition is overbroad because it would provide notice to all past and current DAVA employees without regard to whether they could potentially have a claim under Plaintiffs' theory of liability.[29]

Plaintiffs respond that each of Dava's proposed additions to the definition is unnecessary and will exclude potential collective members who should qualify under the allegations in the Complaint. First, they argue that the "non-exempt" addition is improper because it would exclude employees that were classified as exempt independent contractors but who should have been considered employees for FLSA purposes.[30] Under the FLSA, only non-exempt employees are protected by the overtime provisions of the statute.[31] However, Plaintiffs allege that Dava improperly classified some non-exempt employees as unprotected independent contractors.[32] Because the parties disagree on the employment status of some potential collective members, adding the "non-exempt"

---

[27] Motion for Certification 6–7 (words and phrases that do not appear in the opposing party's proposed definition are emphasized).
[28] Opp'n 5 (words and phrases that do not appear in the opposing party's proposed definition are emphasized).
[29] *Id.* 5–6.
[30] Reply to Motion for Conditional Certification of FLSA Collective Action ("Reply") 5–6, ECF No. 89, filed Oct. 23, 2025.
[31] 29 U.S.C. § 207(a)(1).
[32] Compl. ¶¶ 148–61.

language could create disputes about what information needs to be produced. It could also dissuade potentially qualifying collective members from joining the suit because of their official employment designation with Dava. Additionally, Dava's concerns can be properly addressed by other adjustments to the definition described below.

      Second, Plaintiffs contend that the "on an hourly basis" language is inappropriate because it "limit[s] the scope of Plaintiffs' case and claimed damages to only unpaid hourly overtime," when the Complaint also requests damages relating to back pay, altered time records, unpaid wages, and improper classification.[33] However, many of these other damages claims referenced by Plaintiffs relate to unpaid overtime benefits. Furthermore, the FLSA provides for a collective action claim only to recover damages for certain FLSA violations.[34] The only listed provision that the Amended Complaint alleges Dava violated as a basis for the collective action is the § 207 overtime provision,[35] so Plaintiffs' collective action claim is already limited by its own allegations to hourly overtime violations. The "on an hourly basis" language does not limit the proposed collective, but it does more clearly define the scope, so it is an appropriate addition.

      Third, Plaintiffs object to what they call a "prequalification" condition that collective members must "claim underpaid overtime wages are due and owing from Dava."[36] They argue that this language improperly imposes an evidentiary burden on prospective collective members to "prove their case" prior to joining the action.[37]

---

[33] Reply 5.
[34] 29 U.S.C. § 216(b).
[35] Compl. ¶¶ 135–147.
[36] Reply 2–3.
[37] *Id.* at 3.

Plaintiffs also contend that this addition is redundant because anyone who opts in is necessarily making such a claim.[38] While the court agrees that defining the collective of parties who may make a claim as those who have a claim is redundant, this proposed change does touch on an important point. Not every hourly Dava employee can qualify as a collective member with a potential claim for overtime violations, only those employees that worked more than forty hours in one week and were not paid according to FLSA requirements. Prospective collective members may not know if their overtime pay from Dava met FLSA standards, but they must have worked overtime hours to even potentially have a claim. Therefore, the definition should include language limiting the collective to employees who worked more than forty hours in any workweek while employed with Dava. This does not, as Plaintiffs suggest, somehow require "definitive proof" at the outset.[39]

Finally, Dava states that the "most problematic" aspect of Plaintiffs' definition is its failure to include an "applicable limitations period" of three years plus the time the case was stayed.[40] However, Plaintiffs' definition does include such a restriction, the same one proposed by Dava.[41] Additionally, Dava removes the word "sell" from the description of employee duties.[42] No justification is given for this change, and the court does not see why it would be necessary. For these reasons, the court grants conditional certification of the following collective definition:

---

[38] *Id.*
[39] Reply 3.
[40] Opp'n 5–6.
[41] Motion for Certification 6–7.
[42] Opp'n 5.

> All current and former employees who were paid by DAVA on an hourly basis to sell, design, and edit videos and manage online and social media content for DAVA Marketing LLC in the United States during the applicable limitations period and who worked more than forty (40) hours in any workweek.

### III. Notice Requirements

The parties also disagree on several aspects of Plaintiffs' proposed notice to prospective collective members, including the methods of notice, the information that should be disclosed by Dava, relevant time periods, a reminder notice, and the content of the consent to join form.[43] The court addresses each dispute in turn.

#### A. Methods of Notice

Plaintiffs propose sending out notices through U.S. Mail, email, and text messages, along with links to a "case-specific website."[44] Dava responds that such duplicative notices "risk duplication, inconsistent wording, and inadvertent disclosure to unintended recipients."[45] It would have the court limit notice to a "single, court-approved, mailed and e-mailed notice."[46] Dava characterizes text messages as a "highly personal communication channel that should be used sparingly."[47] It also argues that a website would seem like a recruitment tool that may improperly suggest court endorsement.[48]

The purpose of FLSA notice procedures is to ensure that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[49] In our era of modern electronic

---

[43] *See Id.* at 6–10.
[44] Motion for Certification 14.
[45] Opp'n 7.
[46] *Id.*
[47] *Id.* at 8.
[48] *Id.*
[49] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

communication, courts routinely find that text messaging, along with mail and email, is an effective and appropriate method to fulfill this purpose.[50] The court agrees that a text message notice is likely to be effective at informing potential collective members of their rights and is not convinced that a single notice text would violate a "highly personal communication channel." However, Plaintiffs have not provided the court with the content or language of their proposed text notice, so the court cannot approve it at this time. Plaintiffs may send a text notice, but it must be proposed to the court and approved first.

Websites have occasionally been permitted as notice resources in FLSA collective action cases.[51] Here, Dava argues that a plaintiff-controlled site could "mislead potential opt-ins and taint the process."[52] Plaintiffs do not provide any specific argument about why a website is necessary in this case, stating simply that its language would be "objective."[53] They also do not include any proposed language or contents for their website. In the absence of a specific website proposal and any justification for a website in this case, Plaintiffs' request for a website notice is denied without prejudice.

B.   **Personal Information**

To facilitate the different notice methods discussed above, Plaintiffs ask the court to order Dava to provide them with a list of potential collective members.[54] Specifically, Plaintiffs

---

[50] *See Felps v. Mewbourne Oil Co., Inc*., 460 F. Supp. 3d 1232, 1241 (D.N.M. 2020) ("[C]ourts within this district routinely approve notice by mail, email message, *and* text message."); *see also Morris v. MPC Holdings, Inc*., No. 20-CV-02840-CMA-NYW, 2021 WL 4124506, at *3 (D. Colo. Sept. 9, 2021) ("The Court finds that text messages and emails are appropriate avenues for providing notice in this case."); *Stenulson v. ROI Sols., LLC*, No. 220CV00614DBBJCB, 2022 WL 294867, at *4 (D. Utah Feb. 1, 2022) (approving notice by mail and text message).
[51] *Stenulson*, 2022 WL 294867, at *4; *Turner v. ACD Direct, Inc.*, No. 1:12–CV–00208–DB, 2013 WL 12110065, at *2 (D. Utah May 16, 2013).
[52] Opp'n at 7.
[53] Reply 8–9.
[54] Motion for Certification 14–15.

9

request production of each potential collective member's "(1) name, (2) last known mailing address, (3) last known telephone number, (4) last known personal email address, (5) dates and location of employment, (6) date of birth, and (7) Social Security number (last four digits only)."[55] Dava argues that such personal information is overly invasive and unnecessary to provide notice.[56] Instead, it would provide "standard contact information" limited to names, email addresses, and mailing addresses.[57]

"It is not uncommon for groups of plaintiffs to request information about putative class members in FLSA collective actions."[58] Employers often have access to employee information that would be difficult to obtain otherwise. As an initial matter, the court notes that telephone numbers are necessary contact information in this instance because text message notices have been approved. Employment dates and locations also seem reasonable to help ensure that collective members have potential claims within the statute of limitations period.

However, the court is not convinced that it is necessary to compel the disclosure of employee birth dates and social security numbers. Courts addressing requests for information generally apply a balancing test that weighs the plaintiffs' need to facilitate broad notice against the putative collective members' privacy interests.[59] In this case, "there are legitimate privacy concerns implicated by disclosing Social Security numbers" and dates of birth.[60] Such

---

[55] *Id.*
[56] Opp'n 6.
[57] *Id.*
[58] *Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1265 (D. Kan. 2015).
[59] *Id.*
[60] *Stenulson v. ROI Sols., LLC,* No. 220CV00614DBBJCB, 2022 WL 294867, at *5 (D. Utah Feb. 1, 2022); *see also Koehler*, 93 F. Supp. 3d at 1266 ("The Court concludes that the putative class members' privacy interests outweigh plaintiffs' need for their social security numbers and dates of birth."); *Mott v. TSD Telecom Serv. LLC*, No. 24-CV-00185-RMR-SBP, 2025 WL 692564, at *5 (D. Colo. Mar. 4, 2025) (denying disclosure of social security numbers).

information is highly personal and could create significant problems if it is leaked or improperly disclosed. Furthermore, it is not necessary to effect notice. Plaintiffs contend that such information is "helpful in tracking changes of address,"[61] but the email and text notices make it likely that putative collective members will receive notice even if their address has changed.[62] Plaintiffs have not shown why this information is necessary, especially in light of its sensitive nature.

The parties also dispute how long Dava should have to produce the information. Plaintiffs argue for seven days,[63] and Dava requests twenty-eight days to gather the information.[64] The court determines that a fourteen-day period is sufficient. Dava is ordered to provide Plaintiffs with each collective member's name, last known mailing address, last known telephone number, last known personal email address, and dates and location of employment within fourteen (14) days.

### C. Opt-In Period

Plaintiffs argue that the court should authorize a ninety-day opt-in period for potential collective members.[65] They state that courts in the Tenth Circuit regularly authorize opt-in periods of ninety days.[66] Dava contends that the proposed period is "unreasonably long" and that courts generally implement fifty or sixty-day periods.[67] It does not provide any specific arguments why ninety days is unreasonable in this case. Although Tenth Circuit courts often set

---

[61] Reply 7.
[62] *See Stenulson,* 2022 WL 294867, at *5.
[63] Reply 6–7.
[64] Opp'n 6.
[65] Motion for Certification 14.
[66] Reply 8.
[67] Opp'n 8.

11

sixty-day opt-in periods,[68] ninety-day periods are also regularly found to be reasonable.[69] In this case, the court does not find Plaintiffs' proposed ninety-day period to be unreasonable, especially given that Dava has not demonstrated how it would be prejudiced by the ninety-day opt-in.[70]

### D. Reminder Notice

In addition, Plaintiffs request authorization to send a reminder notice to collective members who have not opted in after forty-five days.[71] Dava again argues that the reminder letter would essentially act as a recruitment tool rather than a neutral notice.[72] Courts in the Tenth Circuit are split about whether reminder notices in FLSA collective actions are appropriate. Some courts reason that "single reminder notices . . . are typically permitted"[73] and that such notices "serve[] the FLSA's broad remedial purpose by ensuring that 'as many potential plaintiffs as possible are informed of the collective action and their right to opt-in.'"[74] Other courts reject reminder notices because they could be interpreted as an endorsement of joining the action.[75] Here, the court is persuaded that a reminder notice is unnecessary, especially given the various methods of notice that have been approved. Allowing Plaintiffs to send notice via mail,

---

[68] *See Maxfield v. Utah Dep't of Alcoholic Beverage Control*, No. 4:21-CV-00099-DN-PK, 2025 WL 1348488, at *5 (D. Utah May 8, 2025); *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-CV-00580-KWR-KK, 2021 WL 5861184, at *10 (D.N.M. Dec. 10, 2021); *West v. Bam! Pizza Mgmt., Inc*., No. 1:22-CV-00209-DHU-JHR, 2023 WL 346309, at *4 (D.N.M. Jan. 20, 2023).
[69] *Heitzman v. Calvert's Express Auto Serv. & Tire, LLC*, No. 22-CV-2001-JAR-ADM, 2022 WL 5241927, at *7 (D. Kan. Oct. 6, 2022).
[70] *See Bowling v. DaVita, Inc*., No. 21-CV-03033-NYW-KLM, 2023 WL 4364140, at *9 (D. Colo. July 6, 2023) ("[T]he Court cannot conclude that 90 days is unreasonably long, particularly where Defendant has not explained how it will be prejudiced by a 90-day notice period.").
[71] Motion for Certification 14.
[72] Opp'n 7.
[73] *Heitzman*, 2022 WL 5241927 at *8.
[74] *Landry v. Swire Oilfield Servs., L.L.C*., 252 F. Supp. 3d 1079, 1130 (D.N.M. 2017) (quoting *Chhab v. Darden Restaurants, Inc.*, No. 11 CIV. 8345 NRB, 2013 WL 5308004, at *13 (S.D.N.Y. Sept. 20, 2013)).
[75] *See Stenulson v. ROI Sols., LLC*, No. 220CV00614DBBJCB, 2022 WL 294867, at *5 (D. Utah Feb. 1, 2022); *Bowling*, 2023 WL 4364140 at *10; *Cruz v. Connexion Point, LLC*, No. 2:24-CV-00966-TC-DBP, 2025 WL 3063380, at *4 (D. Utah Nov. 3, 2025).

email, and text ensures that potential collective members receive all the necessary information. The ninety-day opt-in period then gives them sufficient time to decide how they wish to exercise their rights. Under these circumstances, an additional reminder is unnecessary and may stray too far toward endorsing the action.

      E.    **Consent to Join**

Finally, Dava objects to the content of Plaintiffs' proposed Consent to Join form.[76] The proposed Consent form contains the following language:

> I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiff's Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.[77]

Dava argues that the designation of a "named plaintiff" to represent the collective action is legally inaccurate because each individual who opts in must participate as a named plaintiff and "there are no representatives."[78] Not so.

The plain language of the FLSA allows employees to maintain "[a]n action to recover" against their employer for FLSA violations on behalf of "themselves and other employees similarly situated."[79] Although employees who choose to opt in do become "party plaintiff[s]," the original plaintiffs are still the ones who filed suit "in behalf of . . . themselves and other employees."[80] These original plaintiffs are "representative plaintiffs" with statutory authority to

---

[76] Opp'n 9.
[77] Proposed Notice 8.
[78] Opp'n 9.
[79] 29 USCA § 216(b).
[80] *Id.*

13

make decisions on behalf on the opt-in employees.[81] It is therefore not incorrect for the Consent to Join form to designate a representative to make decisions on behalf of the opt-in employees. However, the proposed Consent form designates a singular "Plaintiff"[82] when multiple named plaintiffs are present in this case. To eliminate confusion, Plaintiffs are ordered to change the Consent form to designate the "named Plaintiffs" in the action to more accurately reflect that multiple representative plaintiffs are present here.

### F. Proposed Notice

Two additional areas of the proposed notice also require revision. First, immediately after noting that the court authorized the notice, the notice contains a directive to "return your form as soon as possible."[83] This language should be removed and the sentence revised so that it does not imply that the court is directing recipients to participate in the lawsuit. Second, the proposed notice also contains an instruction that anyone who believes they have been treated unfairly should contact Plaintiff's counsel.[84] The court will not issue a notice directing potential litigants to a specific attorney for purposes of a separate retaliation claim. The sentence should be removed.

### ORDER

Plaintiffs' [75] Motion for Conditional Certification is GRANTED in part.

---

[81] *See Hose v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 2755809, at *5 (D. Kan. May 12, 2016) ("[T]he [FLSA] does not appear to contemplate a Section 216(b) collective action simply by a group of 'other employees similarly situated' (the opt-in plaintiffs) without a representative plaintiff filing on their behalf.").
[82] Proposed Notice 8.
[83] *Id.* at 2.
[84] *Id.* at 3.

Signed December 8, 2025.

BY THE COURT

_____
David Barlow
United States District Judge