THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, HARRISON FOLLETT, CHARLIE ALLEN, SOPHIE SANDERS, THOMAS BARTELL, JUSTIN ROBERTS, CARSON MCMASTER, ALONSO BARRANTES, BRADY PERKINS, JEREMY THOMPSON, PAIGE LUDDEN, KEATON HALES, TROOPER JOHNSON, RYAN GRIMMIUS, AIDAN WALSH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVA MARKETING, LLC, a Utah limited liability company, and DOES 1-10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR SHORT FORM DISCOVERY <br><br> Case No. 2:23-cv-00632-DBB-DBP <br><br> District Judge David Barlow <br><br> Magistrate Judge Dustin B. Pead |

Before the court is Defendants' Short Form Discovery Motion regarding redactions and disclosures.[1] Defendants allege Plaintiffs have "improperly redacted numerous documents as 'privileged' when counsel is not party to any document" and requested the court "review each document *in camera* for verification of the privilege."[2] Plaintiffs responded providing the court with the redacted information. The court has conducted an *in camera* review and finds that much of the material is not privileged and orders it produced as set forth herein. To begin the court sets forth the legal requirements for the attorney-client privilege and work-product protection as these are claimed by Plaintiffs in withholding certain information.

---

[1] Motion for Short Form Discovery, ECF No. 109. This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) from District Judge David Barlow.

[2] *Id.* at 1.

**LEGAL STANDARDS**

**I. Attorney-Client Privilege**

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[3] "The burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it."[4] This cannot be done by making a broad claim.[5] The privilege "must be strictly construed and accepted only to the very limited extent that ... excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."[6]

Because the claim under which the investigation materials are sought arises under federal law, federal common law governs the claims of privilege.[7] Under federal common law, the attorney-client privilege "protects 'confidential communications by a client to an attorney made in order to obtain legal assistance' from the attorney in his capacity as a legal advisor."[8] The privilege also protects "attorney to client communications."[9] Furthermore, the privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."[10]

---

[3] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

[4] *In re Grand Jury Subpoena*, 697 F.2d 277, 279 (10th Cir. 1983).

[5] *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

[6] *Trammel v. United States*, 445 U.S. 40, 50, 100 S. Ct. 906, 912, 63 L. Ed. 2d 165 (1980) (citation modified).

[7] Fed. R. Evid. 501.

[8] *In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982*, 697 F.2d 277, 278 (10th Cir. 1983) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).

[9] *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010).

[10] *Upjohn*, 449 U.S. at 390.

"[W]hen an attorney conducts a factual investigation in connection with the provision of legal services, any notes or memoranda documenting client interviews or other client communications in the course of the investigation are fully protected by the attorney-client privilege."[11] In contrast, "when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged."[12]

## II. Work-Product Doctrine

The work-product doctrine protects from discovery those documents, things, and mental impressions of a party or its representative, particularly its attorney, developed in anticipation of litigation.[13] The doctrine does not protect work prepared in the ordinary course of business or investigative work unless it was done so under the supervision of an attorney in preparation "for the real and imminent threat of litigation or trial."[14] For the doctrine to apply, "there must be a substantial probability that litigation will ensue at the time the documents were drafted."[15] There are two components in determining whether documents are prepared in anticipation of litigation. The first is the causation requirement. The primary motivating purpose for preparation of the materials must be in anticipation of litigation rather than preparation in the ordinary course of business or preparation required by some external or internal mandate.[16] The second requirement imposes a reasonable limit on a party's anticipation of litigation. The threat of litigation must be

---

[11] *Sandra T.E. v. South Berwyn Sch. Dist. 100*, 600 F.3d 612, 620 (7th Cir. 2010).

[12] *In re Grand Jury Proc.*, 616 F.3d at 1182.

[13] Fed. R. Civ. P. 26(b)(3).

[14] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007).

[15] *Id.*

[16] Fed. R. Civ. P. 26(b)(3) advisory committee's note to 1970 amendment. Even if litigation is imminent, there is no work-product immunity for documents prepared in the ordinary course of business rather than for litigation purposes

real and imminent.[17] In addition, courts look "to the primary motivating purpose behind the creation of the document to determine whether it constitutes work product. Materials assembled in the ordinary course of business or for other non-litigation purposes are not protected by the work-product doctrine."[18]

### ANALYSIS

After conducting an in camera review, the court finds some withheld materials are not communications by the client to an attorney to obtain legal assistance[19] or subject to any privilege. Rather they are descriptions of activities. The court finds descriptions are not protected by the attorney client privilege. Further there is no applicable work product. The court lists in detail by bates number those items that are protected and not protected. These items were provided in redacted form as an attachment to Defendants' Motion and provided by Plaintiffs to the court in unredacted form for in camera review.

- COOK00246 – communications privilege upheld

- COOK00255 – The first sentence ending in "7:23 pm" is descriptive and is to be provided. The second sentence privilege claim is upheld.

- COOK00258 – The first two sentences starting with Here are …. and ending with the phrase "6:10 pm" are descriptive and are to be provided. The remaining sentences are communications and privileged.

- COOK00260 – The withheld portion is descriptive and not subject to any privilege.

---

[17] *See, e.g., Kannaday v. Ball*, 292 F.R.D. 640, 649 (D. Kan. 2013) (stating that the "reasonableness limit on a party's anticipation of litigation" requires the threat of litigation to be "real" and "imminent"); *Leonen v. Johns–Manville*, 135 F.R.D. 94, 97 (D.N.J. 1990) (providing that there must be "an identifiable specific claim or impending litigation when the materials were prepared" for the protection to apply)

[18] *Marten v. Yellow Freight System, Inc.* 1998 WL 13244, *10 (D. Kansas Jan. 6, 1998) (citation modified).

[19] *See In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982*, 697 F.2d at 278.

- COOK00261 – The first sentence is descriptive and not protected. The next two sentences are communications and the privilege claim is upheld. The last sentence below the picture is descriptive and not protected.

- COOK00262 – This is descriptive and not protected by any privilege.

- COOK00263 – This is descriptive and not protected by any privilege.

- COOK00264 – This is descriptive and not protected by any privilege.

- COOK00265 – This is descriptive and not protected by any privilege.

- COOK00266 – The first two sentences are descriptive and not subject to protection. The last sentence is protected as a communication.

- COOK00267 – This is descriptive and not protected by any privilege.

- COOK00268 – This is descriptive and not protected by any privilege. It is also representative of the overbroad nature of privilege claims.

- COOK00269 – This is descriptive and not protected by any privilege.

- COOK00270 – This is descriptive and not protected by any privilege.

- COOK00271 – This is descriptive and not protected by any privilege.

- COOK00272 – This is descriptive and not protected by any privilege.

- COOK00273 – The first sentence is descriptive and not protected. The remining is protected as a communication.

As demonstrated by the court's findings above, the court notes that counsel for Plaintiffs made many overbroad and questionable claims for protection via privilege. Counsel for all parties in this case are encouraged to more closely adhere to the guidance set forth above about what is privileged and what is not privileged.

Finally, the court ORDERS all parties to produce documents in a searchable native format and provide individual ESI disclosures in conformity with the parties' agreements.

## CONCLUSION AND ORDER

Based upon the foregoing, Defendants' Motion is GRANTED IN PART. All items the court finds to be descriptive are to be produced within ten days of this order.

IT IS SO ORDERED.

DATED this 15 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge