UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN COOK, HARRISON FOLLETT, CHARLIE ALLEN, SOPHIE SANDERS, THOMAS BARTELL, JUSTIN ROBERTS, CARSON MCMASTER, ALONSO BARRANTES, BRADY PERKINS, JEREMY THOMPSON, PAIGE LUDDEN, KEATON HALES, TROOPER JOHNSON, RYAN GRIMMIUS, AIDAN WALSH, and RYAN HADLEY, individually and on behalf of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVA MARKETING, LLC, a Utah Limited Liability Company and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [150] PLAINTIFFS' SUPPLEMENT TO, AND RESUBMISSION OF, STIPULATED MOTION FOR APPROVAL OF FLSA SETTLEMENT, AND TO DISMISS THIS ACTION WITH PREJUDICE**<br><br>Case No. 2:23-CV-632-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Austin Cook, Harrison Follett, Charlie Allen, Sophie Sanders, Thomas Bartell, Justin Roberts, Carson McMaster, Alonso Barrantes, Brady Perkins, Jeremy Thompson, Paige Ludden, Keaton Hales, Trooper Johnson, Ryan Grimmius, Aidan Walsh, and Ryan Hadley's ("Plaintiffs") Motion for Approval of their FLSA Settlement[1] with Defendant Dava Marketing LLC. For the reasons stated below, the court denies the motion.

[1] Plaintiffs' Supplement to, and Resubmission of, Stipulated Motion for Approval of FLSA Settlement ("Motion for Approval"), ECF No. 150, filed Nov. 17, 2026.

## BACKGROUND

In their Amended Complaint, Plaintiffs allege the following.[2] Plaintiffs are former employees of Defendant Dava Marketing, LLC ("Dava").[3] They provided video editing, design, and content creation services to customers.[4] As part of its business model, Dava requires its employees to provide these services on very tight schedules, often resulting in after-hours work and workweeks of longer than forty hours.[5] Even though the Fair Labor Standards Act ("FLSA") requires employers to pay time-and-a-half compensation for overtime work above forty hours in a week, Dava did not do so.[6] Instead, Dava altered employee time records, banked overtime hours for upcoming weeks, or paid straight time for overtime hours worked.[7] Dava also improperly classified some employees as "independent contractors" in order to avoid having to fulfill FLSA requirements.[8] Based on these allegations, Plaintiffs filed their Amended Complaint, which in part, asserts claims for FLSA overtime violations on behalf of DAVA employees, including misclassified independent contractors.[9]

This court conditionally certified the collective action in December 2025,[10] and in October 2026 the parties filed a stipulated motion to approve a settlement agreement for an amount of $72,500.[11] On November 6, 2026, the court issued an order denying the motion

---

[2] *See generally* First Amended Compl. ("Am. Compl."), ECF No. 55, filed Feb. 3, 2025.
[3] *Id.* ¶¶ 6–21.
[4] *Id.* ¶¶ 35–36.
[5] *Id.* ¶¶ 37–39.
[6] *Id.* ¶ 98.
[7] *Id.* ¶¶ 99, 121.
[8] *Id.* ¶¶ 86–92.
[9] *See generally id.*
[10] *See generally* Order Granting in Part Plaintiffs' Mot. for Conditional Certification of FLSA Collective Action ("Conditional Certification Order"), ECF No. 93, entered Dec. 8, 2025.
[11] *See generally* Stipulated Motion for Final Approval of FLSA Settlement, ECF No. 138, filed October 2, 2026; Settlement and Release Agreement ("Settlement Agreement") § 1(a), ECF No. 141, filed Oct. 2, 2026.

without prejudice and instructed that "the parties may refile a motion that demonstrates a sufficient factual basis for the court's evaluation of the proposed settlement."[12] Before the court is Plaintiffs' refiled motion to approve the Settlement Agreement.

## STANDARD

This court, along with numerous others, have required federal court approval to settle FLSA claims.[13] To approve an FLSA settlement, the court must determine that "(1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees."[14] Additionally, when parties settle their FLSA claims before the court has made a final certification ruling, the court must make a final certification finding before it can approve an FLSA collective action settlement.[15]

## DISCUSSION

### I. Final Certification

First, the court must determine whether the collective action can be certified. This court previously granted conditional certification of the following collective:

> All current and former employees who were paid by DAVA on an hourly basis to sell, design, and edit videos and manage online and social media content for DAVA Marketing LLC in the United States during the applicable limitations period and who worked more than forty (40) hours in any workweek. [16]

---

[12] Docket Text Order, ECF No. 145, entered Nov. 6, 2026.
[13] *See e.g.*, *Clayton v. Utah Dep't of Alcoholic Beverage Control*, No. 4:21-cv-00099-DN-PK, 2026 WL 2427264, at *2 (D. Utah Aug. 19, 2026) (unpublished). *See also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).
[14] *Lopeman v. Stantec Consulting Servs., Inc.*, No. 21-cv-02386-RM-NRN, 2022 WL 2068989, at *1 (D. Colo. May 20, 2022) (unpublished) (citing *Davis v. Crilly*, 292 F.Supp.3d 1167, 1170 (D. Colo. 2018)). *See also Bingham v. doTERRA Int'l, LLC*, No. 2:23-cv-00707-DBB-DBP, 2025 WL 1474036, at *1 (D. Utah May 22, 2025) (unpublished).
[15] *Peterson v. Mortg. Sources, Corp.,* No. 08–2660–KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (unpublished). *See also Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996).
[16] Conditional Certification Order 7–8.

During final certification, the court applies a stricter standard to determine if the plaintiffs are similarly situated, accounting for plaintiff-specific facts.[17] In doing so, the court considers several factors including "(1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."[18]

As to the first factor, the court finds that the employment settings of the individual plaintiffs were very similar. They all worked for Dava in "video editing/content management and sales" while living in Utah.[19] It appears that Plaintiffs were all subject to the same requirements that they work "before, during, and after regulated business hours."[20] Plaintiffs' work also all "utilized DAVA's computer systems and other video editing management software as provided by DAVA."[21] There is no indication that the opt-in plaintiffs experienced substantially different employment settings.[22] As to the second factor, the defenses available to Defendant would be largely similar as Plaintiffs all allege they were denied adequate overtime compensation because of their "altered computerized time records."[23] Finally, there is no indication that certifying the collective would result in unfairness or procedural difficulties such that individual proceedings would be preferable. Therefore, the court finds that the members of the collective are similarly situated and that this settlement collective should be certified to proceed.

---

[17] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001).
[18] *Id.*
[19] Am. Compl. ¶¶ 6–21.
[20] *Id.* ¶¶ 39, 49.
[21] *Id.* ¶ 43.
[22] Notice of Filing of Consent to Join Collective Action Ex. 1 at 4–8, ECF No. 129-1, filed Aug. 28, 2026.
[23] Am. Compl. ¶¶ 57, 85.

## II. Settlement Agreement

### A. Bona Fide Dispute

An FLSA settlement may only be approved when the litigation involves a bona fide dispute.[24] A bona fide dispute exists when there is "some doubt whether Plaintiffs may succeed on their FLSA claims."[25] Here, Plaintiffs' Amended Complaint alleges Defendant violated the FLSA by willfully altering its employees' computerized time records in order to underpay them and by misclassifying workers as independent contractors.[26] Defendant disputes these allegations.[27] The parties disagree on a number of issues, including whether Defendant's actions were intentional,[28] and how damages should be calculated.[29] Thus, a bona fide dispute is present because a "question exists [as to whether] the plaintiffs are entitled under the statute to the compensation they seek."[30]

### B. Fairness and Reasonableness

An FLSA settlement must also be fair and reasonable.[31] To be fair and reasonable, an FLSA settlement "must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales."[32] In making this determination, courts generally consider: "(1) was the proposed settlement fairly and honestly negotiated; (2) do serious questions of law and fact

[24] *Bingham*, 2025 WL 1474036, at *2.
[25] *Id.*
[26] Am. Compl. ¶¶ 57, 87.
[27] *See generally* Answer to First Am. Compl. ("Answer"), ECF No. 56, filed Feb. 24, 2025; Motion for Approval 8.
[28] Under the FLSA, a 2-year statute of limitations applies to the recovery of back pay unless the violation was willful, in which case a 3-year statute applies. 29 U.S.C. § 255(a).
[29] Answer 17, 18; Motion for Approval 8.
[30] *Bingham*, 2025 WL 1474036, at *2 (quoting *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321-RJS-CMR, 2020 WL 3605652, at *4 (D. Utah July 2, 2020) (unpublished)).
[31] *Ennis v. Alder Protection Holdings*, No. 2:19-cv-512-CW, LLC, 2026 WL 1810319, at * 5 (D. Utah June 23, 2026) (unpublished).
[32] *Bingham*, 2025 WL 1474036, at *2 (quoting *Keel v. O'Reilly Auto Enters., LLC*, No. 2:17-CV-667, 2018 WL 10509413, at *3 (D. Utah May 31, 2018) (unpublished)).

exist that place the outcome of the litigation in doubt; (3) is the value of an immediate recovery more valuable than the mere possibility of a more favorable outcome after further litigation; and (4) do the parties believe that the settlement is fair and reasonable."[33]

First, the parties engaged in "arms-length" mediation and are represented by experienced counsel.[34] Second, the parties dispute factual and legal questions such as whether Defendant engaged in the FLSA violations and how damages should be calculated.[35] Third, it appears the parties have weighed the value of immediate recovery against the possibility of future recovery and determined that the risk of expensive litigation and Defendant's limited funds is outweighed by the benefit of immediate recovery.[36] Finally, the parties believe that the settlement amount is fair and reasonable.[37]

These factors all weigh in favor of approval. As previously noted, however, the Settlement Agreement must also comport with the policies of the FLSA.[38] In this regard, the court is not persuaded that the Settlement Agreement is fair and reasonable.

Typically, "general releases (the release is not limited to claims arising under the FLSA)" are disfavored in the FLSA settlement context because it "confers an uncompensated, unevaluated, and unfair benefit on the employer."[39] As such, courts will generally only "approve

---

[33] *Ennis*, 2026 WL 1810319, at * 6 (citing *Campbell v. C.R. England, Inc.*, No. 2:13–cv–00262, 2015 WL 5773709, at *5 (D. Utah Sept. 30, 2015) (unpublished)).
[34] Motion for Approval 9; Settlement Agreement § 6.
[35] *Id*. 8; Answer 17, 18.
[36] Motion for Approval 9.
[37] *Id*.
[38] *See Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *6 (D. Kan. Jan. 29, 2019) (unpublished).
[39] *Cazeau*, 2020 WL 360565, at *7 (quoting *Johnson v. Citrus Cty. Assoc. for Retarded Citizens, Inc.*, No. 5:17-cv-216-Oc-32PRL, 2017 WL 7311891, at *2 (M.D. Fla. July 12, 2017) (unpublished)).

broad releases accompanying FLSA settlements when the plaintiff is receiving full compensation of his or her FLSA claim, *as well as* additional consideration for a general release."[40]

The Settlement Agreement here contains a provision that releases each party "from and against any and all actions, claims, costs, damages, expenses, injuries, lawsuits, liabilities, and other losses, whether known or unknown, *whether or not related to the Dispute* as of the Effective Date."[41] The Agreement defines the dispute as "between the Parties with respect to certain FLSA-related claims Plaintiffs have filed against DAVA."[42] Thus, because the Agreement releases the parties from claims not arising under the FLSA, it contains a broad release. It does not appear that this broad release is supported by additional consideration. The Settlement Agreement includes consideration in the form of payment to the collective for an agreement to dismiss this action.[43] The parties provide the court no basis on which to conclude these forms of consideration also provide consideration for the general release.

In addition, the Agreement defines "Released Parties" as each "Party's members, managers, employees, spouses, agents, attorneys, consultants, beneficiaries, representatives, insurers, affiliates, successors, subsidiaries, heirs, [and] assigns."[44] However, this court has previously held that FLSA settlement agreements cannot "release persons other than persons or entities that could be considered 'Employers' under the FLSA."[45] Requiring release of claims against other entities, such as insurers, is overly-broad and unfair.[46]

---

[40] *Id*. (quoting *Johnson*, 2017 WL 7311891, at *2).
[41] Settlement Agreement § 3 (emphasis added).
[42] *Id*. Recitals § A.
[43] *Id*. § 1.
[44] *Id*. § 3.
[45] *Ennis*, 2026 WL 1810319, at * 4.
[46] *Christeson*, 2019 WL 354956, at *7 ("the Court finds that requiring release of claims against trustees, insurers and co-insurers is also overly-broad and unfair.").

Therefore, because of these broad releases, the court cannot approve the Settlement Agreement on this independent ground.

## III. Attorneys' Fees and Expenses

An FLSA settlement agreement must contain an award of reasonable attorneys' fees.[47] Here, the parties' Settlement Agreement does not contain any award for attorneys' fees and instead mandates that "[e]ach party will be responsible to bear its own costs and fees incurred in relation to the Dispute and the negotiating of this Agreement."[48] Due to this, Plaintiffs seek authorization of payment from the settlement fund for attorneys' fees and expenses only through their Motion for Approval.[49] This is contrary to the decisions of courts in this Circuit.[50] Thus, the court cannot approve the Settlement Agreement on this third independent ground. However, if the requested fees were included in the Settlement Agreement, the court would find the request reasonable.

When a fund is recovered and fees are awarded, courts in the Tenth Circuit typically compute fees as a percentage of the common fund recovered.[51] Here, counsel for the collective seeks 33.3% of the settlement fund, totaling $21,750 in attorneys' fees.[52] The court considers the following factors in determining whether a requested fee award is reasonable:

> (1) time and labor required; (2) novelty and difficulty of question presented by the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience,

---

[47] *See Alewel v. Dex One Serv., Inc.*, No. 13–2312–SAC, 2014 WL 502349, at *2 (D. Kan. Feb. 7, 2014) (unpublished) (citing 29 U.S.C. § 216(b)); *Peterson*, 2011 WL 3793963, at *4 (same).
[48] Settlement Agreement § 9.
[49] Motion for Approval 10.
[50] *See e.g., Peterson*, 2011 WL 3793963, at *4.
[51] *Gottlieb v. Barry,* 43 F.3d 474, 484 (10th Cir.1994); *see also Campbell*, 2015 WL 5773709, at *6.
[52] Motion for Approval 10.

> reputation and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.[53]

Several of the above factors indicate that the requested attorneys' fees are reasonable.[54] First, Plaintiffs' counsel expended substantial time and labor prosecuting this action for over three years.[55] Counsel prepared and filed the original complaint, the motion for conditional collective certification, the Amended Complaint, and briefs regarding Defendant's counterclaims and Defendant's motions to disqualify named Plaintiffs.[56] In addition, counsel engaged in document production, communication with opposing counsel, mediation, and negotiation of the Settlement Agreement.[57] As to the third factor, FLSA collective actions such as this "involve a specialized area of the law that is often complex and difficult, requiring a degree of extra skill to litigate properly."[58] For the fifth factor, courts within the Tenth Circuit have routinely awarded fee percentages of up to one third of the settlement fund.[59] As to the sixth factor, counsel risked nonpayment by taking this case on a contingency basis.[60] The uncertain nature of a contingency fee makes the requested attorneys' fee more reasonable.[61] Counsel is experienced in this type of litigation as considered under the ninth factor.[62] And finally, the results obtained in light of the

---

[53] *Brown v. Philips Petroleum Co.*, 838 F.2d 451, 454–55 (10th Cir. 1988).
[54] *See Clayton*, 2026 WL 2427264, at *3 ("A court need not conduct a factor-by-factor recitation of every Johnson element, provided that the record reflects meaningful consideration of the relevant underlying factors and supports the reasonableness of the award.").
[55] Motion for Approval 10.
[56] *Id*. 10–11.
[57] *Id*.
[58] *Clayton*, 2026 WL 2427264, at *4.
[59] *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321-RJS-CMR, 2021 WL 1688540, at *9 n.97 (D. Utah Apr. 29, 2021) (unpublished) (collecting cases).
[60] Motion for Approval 12–13.
[61] *Touani v. Limble Solutions, Inc.*, No. 2:26-cv-00033, 2026 WL 252537, at *3 (D. Utah Jan. 30, 2026) (unpublished).
[62] Motion for Approval 13–14.

circumstances represent a successful recovery.[63] Overall, the requested attorneys' fee would be reasonable under the relevant factors.

Plaintiffs also request reimbursement of expenses incurred in this case in the amount of $20,712.[64] Plaintiffs have submitted an itemized list of these expenses, including a filing fee, mediator fee, third-party administrator fee, and a forensic accountant fee.[65] The court finds the expenses and costs incurred are reasonable.[66]

**ORDER**

Accordingly, the parties' Motion to Approve Settlement is DENIED without prejudice.[67]

Signed November 23, 2026.

BY THE COURT

David Barlow
United States District Judge

[63] *Id.* 13.
[64] *Id.* 14.
[65] *Id.*
[66] *Florece v. Jose Pepper's Rests.*, No. 20-2339-ADM, LLC, 2021 WL 5042715, at *9 (D. Kan Oct. 29, 2021) (unpublished) (finding a claims administrator's anticipated costs and expenses of $21,500 to "appear reasonable").
[67] ECF No. 150.